Tishock, Appellant, *v.* Tohickon Valley Joint
School Board.

Argued March 21, 1956. Before HIRT, WRIGHT,
WOODSIDE, ERVIN, and CARR, JJ. (RHODES, P. J. and
GUNTHER, J., absent).

*David A. Clarke,* with him *Grim, Cadwallader, Darlington & Clarke,* for appellant.

*Claire G. Biehn,* for appellee.

OPINION BY CARR, J., July 17, 1956:

On August 15, 1951 the Tohickon Valley Joint School Board entered into a contract in writing with Mary Tishock employing her to teach in the school district as a temporary professional employee "for an annual compensation of $2400.00, payable monthly or semi-monthly during the school term or year, less the contribution required by law to be paid to the Teachers' Retirement Fund, and less other proper deductions for loss of time." The contract did not specify the period of employment otherwise than as follows: "Continuance in service as a temporary professional employee shall depend on satisfactory service as determined by the authorized superintendent's ratings. This contract may be terminated by agreement of both parties."

"Eighty days' notice shall be required before this contract can be terminated by either party.

"The employee shall be subject to the call of the school board for the ten-month period from September to June inclusive for teaching and allied duties, conferences, workshops and meetings."

In accordance with the contract the teacher entered upon the performance of the duties assigned to her at the opening of the school term in September, 1951. On November 28, 1951, she was notified by the School Board that the contract would be terminated on February 15, 1952 and on that date she was discharged, though her services had not at any time been rated as unsatisfactory and no notice of any such rating had been given her. She then brought this Action in Assumpsit to recover her salary for the remainder of the school year, amounting to one thousand thirty-nine and 97/100 ($1,039.97) dollars with interest thereon from February 15, 1952. The School Board answered the complaint admitting the facts as stated, and this appeal is from an Order of the Court below refusing her motion for judgment on the pleadings. The appellant contends that having been employed as a temporary professional employee as defined by the Teachers' Tenure Act of March 10, 1949, P.L. 30, 24 P.S. 11-1101 et seq., she was unlawfully dismissed during the school year in violation of section 1108 of the act, 24 P.S. 11-1108, which provides that no temporary professional employee shall be dismissed unless rated unsatisfactory by the superintendent of schools and notification in writing of such unsatisfactory rating shall have been furnished the employee within ten days following the date of such rating.

It is to be seen, however, that the contract in suit contains no promise of employment for any definite period of time. The promise, that the appellant should be subject to call by the School Board for the ten-month period from September to June, gave her no affirmative right to employment throughout that period. It imposed no obligation upon the School Board; it could call or not call her in its discretion. Nor does the fact that a particular sum was named as annual

compensation, payable in installments, create any presumption that the employment was to continue for the full year; the figure named merely fixed the rate of compensation for the time served: *Hogle vs. DeLong Hook & Eye Co.,* 248 Pa. 471; *Jones vs. Pittsburgh Mercantile Co.,* 295 Pa. 219; *Trainer vs. Laird et al.,* 320 Pa. 414. The contract was therefore terminable at the pleasure of the Board upon the expiration of the stipulated notice: *Hand Estate,* 349 Pa. 111, and cases there collected.

Thus we think it apparent that the action of the Board in terminating the contract did not constitute a dismissal of the appellant. The word "dismiss" as used in Section 1108 of the Act refers to a severance of employment during the term of the contract and not to a failure or refusal to retain a temporary professional employee after the contract has expired. This distinction is clearly pointed out in *Gerlach vs. School District of Little Beaver Township et al.,* 119 Pa. Superior Ct. 520.

It may be added that there is nothing in the school law that requires a school board to engage the services of a temporary professional employee for a year or any other definite time: *Mazzei vs. Scranton School District et al.,* 341 Pa. 255.

The Order of the Court below is affirmed and the Appeal dismissed.