## Smethport Area School District v. Bowers, Appellant.

Argued April 12, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Norman I. White*, with him *McNees, Wallace & Nurick*, for appellant.

*Ralph N. DeCamp,* for appellee.

OPINION BY WATKINS, J., June 22, 1971:

The Board of School Directors of the Smethport Area School District, McKean County, Pennsylvania, after a hearing as provided by the School Code discharged Harry L. Bowers, Jr., the appellant, from his position as District Superintendent on February 10, 1969.

An appeal was taken from this action of the Board by the appellant to the Court of Common Pleas of McKean County. Jurisdiction was asserted under the Local Agency Law, Act of 1968, December 2, P. L.    , No. 353, 53 P.S. §11301 to §11311. The Court of Common Pleas dismissed the appeal for lack of jurisdiction holding that the school board was not "a local agency" within the scope of the Local Agency Law, supra, and that the appeal should have been properly taken to the Court of Common Pleas of Dauphin County under the terms of the Administrative Agency Law, Act of June 4, P. L. 1388, as amended, 71 P.S. §1710.1 to §1710.51.

An appeal was then taken to the Court of Common Pleas of Dauphin County, but it also was dismissed for lack of jurisdiction in that the school district was not an agency having statewide jurisdiction nor an agency specifically enumerated in the Administrative Agency Law, supra. Direct appeals were then taken from both judgments below denying jurisdiction, to the Supreme Court.

The Supreme Court after full discussion of the questions involved remanded the appeals to this Court for disposition.

The first question to be decided by this Court is the timeliness of these appeals. The school district contends the timeliness as well as jurisdiction should be the subject of our appellate jurisdiction. We do not

agree and believe that the Supreme Court extended the time for appeal.

As Mr. Justice POMEROY states in his opinion in *Smethport Area School District v. Bowers*, 440 Pa. 310, 269 A. 2d 712 (1970), at pp. 320-21: "Normally this Court quashes an untimely appeal. In this case, however, we find overriding and unique considerations which convince us that we should not quash. As what has been said above makes clear, the essential issue both at the lower court level and on appeal was whether the Bowers' complaint was within the purview of the Local Agency Law or of the Administrative Agency Law, or neither of them. The McKean County Court held that the Local Agency Law did not apply and appellant followed that court's suggestion to seek relief in the Dauphin County Court, a procedure which was not completed until 67 days after the McKean County Court dismissal. As stated above, both appeals would have been timely had the Act of 1897, supra, been applicable, and, as indicated in footnote 15, it is not certain that that Act might not yet apply. Moreover, the appeals are not from a decision on the merits of Bowers' dismissal, but are simply preliminary to getting a decision on the merits. Finally, as we have had recent occasion to point out, there has been understandable uncertainty in the profession as to the interrelationship of the several acts which implement Section 9, Article V of the new Constitution and the relationship of those acts to the pre-existing statutes regulating appellate review. In several similar situations which have recently been before us under Act No. 351 of 1968, we have granted extensions of the 30-day appeal period to the Superior Court where petitions for allowance of appeal were erroneously filed with this Court. See Plains Township School District Appeal, 438 Pa. 294, 265 A. 2d 358 (1970) . . . The appeals are remitted to the Superior Court as though timely filed. Act of June 24, 1895, P. L. 212, §9, 17 P.S. §194."

The Court of Common Pleas of McKean County dismissed the appeal of Bowers for the reason that it did not have jurisdiction to hear it in that Sections 514 and 1080 of the Public School Code of March 10, 1949, P. L. 30, as amended, 24 P.S. §5-514 and 24 P.S. §10-1080 under which the Board acted did not provide for appeal; and that the Local Agency Law did not apply as a school district was not a "Local Agency" as defined in the Act.

As the Supreme Court said at page 314, supra: "The new Judiciary Article of the Constitution of Pennsylvania, adopted in 1968, effective January 1, 1969, provides in Section 9 thereof that there shall be a right of appeal 'from an administrative agency to a court of record or to an appellate court'. This introduced a new concept to Pennsylvania jurisprudence, one which recognized the important position of administrative agencies in modern government, the quasi-judicial functions that many of them perform, and the fact that both property rights and personal rights can be seriously affected by their decisions."

Section 9 was not self-executing and the Legislature enacted four statutes to implement it. They are Act Nos. 351, 353, 354, 355. Act Nos. 353 and 354 are those with which we are concerned.

Act No. 353, Local Agency Law, which provides for a right of appeal in all cases from adjudication of administrative agency or political subdivision; and provides for the practice before such agency. Act No. 354 is an amendment to the Administrative Agency Law and provides for appeals from agencies of the Commonwealth "as defined by law".

The Court of Common Pleas of Dauphin County quite properly dismissed the appeal in that the school district is outside the scope of the Administrative Agency Law in that it is an agency not enumerated in the Act nor an "agency having statewide jurisdiction".

Both appellant and appellee agree that the Court of Common Pleas of McKean County has jurisdiction of this appeal under the Local Agency Law. This act, inter alia, provides: " 'Local agency' means any department, departmental board or commission, independent administrative board or commission, office or other agency *of a political subdivision now in existence or hereafter created,* empowered to determine or affect private rights, privileges, immunities or obligations by adjudication, but shall not include a court of record, a magistrate, alderman, justice of the peace, nor an 'agency' as defined in the Act of June 4, 1945 (P. L. 1388), known as the 'Administrative Agency Law'." (Emphasis added.)

The Act of 1937, May 28, P. L. 1019, Art. VIII, §101, as amended 46 P.S. 601, states as follows: "The following words and phrases, when used in any law hereinafter enacted, unless the context clearly indicates otherwise, shall have the meanings ascribed to them in this section: . . . (88) 'political subdivision', any county, city, borough, incorporated town, township, *school district,* vocational school district, and county institution district." (Emphasis added.)

A school district is a creature of the State Legislature and as such creature it possesses only those administrative powers as are expressly granted by the Legislature or inferred by necessary implications. *Chartiers Valley Joint Schools v. Allegheny County Board of School Directors,* 418 Pa. 520, 211 A. 2d 487 (1965). However, as well as being a creature of the Legislature, it is also a political subdivision created by the Legislature and clearly within the context of the Local Agency Law.

The Court of Common Pleas of McKean County has jurisdiction to hear the appeal under the Local Agency Law and it is remanded to the court below for that purpose.