## McDonald *v.* Penn Hills Township School Board, et al.

Argued October 30, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

340

*J. Richard Lauver,* with him *J. U. Anderson, Jr., David A. Murdoch* and *Kirpatrick, Lockhart, Johnson & Hutchison,* for appellants.

*Alan S. Penkower,* with him *R. Stanton Wettick, Jr.,* and *Neighborhood Legal Services Association,* for appellee.

OPINION BY JUDGE BLATT, December 29, 1972:

On May 7, 1971, a disturbance occurred at Penn Hills Senior High School and as a result thereof Richard McDonald (McDonald), a student, was temporarily suspended for allegedly striking another student. A hearing was subsequently held by a committee of the Penn Hills School Board to determine whether or not any further action should be taken, and pursuant to §1318 of the Public School Code of 1949, Act of March 10, 1949, P. L. 30, 24 P.S. §13-1318, the School Board then expelled McDonald because of misconduct and disobedience.

McDonald filed an appeal with the Court of Common Pleas of Allegheny County, claiming that such an

appeal was authorized by the Local Agency Law, Act of December 2, 1968, P. L. 1133, 53 P.S. §11301 et seq. The appellants filed a Motion to Dismiss the appeal on the ground that a school board was not a local agency as covered by the Local Agency Law and that, therefore, the lower court lacked jurisdiction in the matter. The motion was denied, and the appellants brought this appeal.

The question of whether or not a school board is a local agency as defined by the Local Agency Law has already been decided in *Smethport Area School District v. Bowers,* 219 Pa. Superior Ct. 269, 280 A. 2d 632 (1971). The Superior Court stated: "A school district is a creature of the State Legislature and as such creature it possesses only those administrative powers as are expressly granted by the Legislature or inferred by necessary implications. Chartiers Valley Joint Schools v. Allegheny County Board of School Directors, 418 Pa. 520, 211 A. 2d 487 (1965). However, as well as being a creature of the Legislature, it is also a political subdivision created by the Legislature and clearly within the context of the Local Agency Law." 219 Pa. Superior Ct. at 273, 280 A. 2d at 635.

*Smethport* has been cited for this proposition in *Nicolella v. Trinity Area School District School Board,* 444 Pa. 544, 281 A. 2d 832 (1971), and *Shellem v. Springfield School District,* 6 Pa. Commonwealth Ct. 515, 297 A. 2d 182 (1972). We agree.

The Public School Code of 1949 did not provide for appeals from actions brought pursuant to §1318 thereof. The 1968 Constitution, however, necessitated a change in this situation, Section 9 of Article 5 establishing that there must be a right of appeal from any administrative agency to a court of record. "This introduced a new concept to Pennsylvania jurisprudence, one which recognized the important position of admin-

istrative agencies in modern government, the quasi-judicial functions that many of them perform, and the fact that both property rights and personal rights can be seriously affected by their decisions." *Smethport Area School District v. Bowers,* 440 Pa. 310, 314, 269 A. 2d 712, 715 (1970). Section 9, Article 5, was not self-executing, of course, and it required legislative action for its implementation. One of the implementing statutes enacted was the Local Agency Law.

The Local Agency Law concerns appeals from any "local agency," and defines this term in §2(2), 53 P.S. §11302(2) as: "[A]ny department, departmental board or commission, independent administrative board or commission, office or other agency of a *political subdivision* now in existence or hereafter created, empowered to determine or affect private rights, privileges, immunities or obligations by adjudication, but shall not include a court of record, a magistrate, alderman, justice of the peace, nor an 'agency' as defined in the act of June 4, 1945 (P. L. 1388), known as the 'Administrative Agency Law.'" (Emphasis added.) The term "political subdivision" is defined in §101(88) of the Act of May 28, 1937, P. L. 1019, as amended, 46 P.S. §601(88) in this manner: "The following words and phrases, when used in any law hereafter enacted, unless the context clearly indicates otherwise, shall have the meanings ascribed to them in this section: . . . (88) 'Political subdivision,' any county, city, borough, incorporated town, township, *school district,* vocational school district and county institution district." (Emphasis added.)

It is clear, therefore, that a school district is a political subdivision, and, at least to the extent that a school board's decisions "determine or affect private rights, privileges, immunities or obligations by adjudication," such decisions, therefore, must be appealable

under the Local Agency Law. The decision of the School Board in this case affected McDonald's right to attend school, was one affecting his private rights by adjudication, and was consequently appealable.

For the reasons stated above, therefore, we affirm the decision of the lower court.