Hutnik *v.* Duquesne School District.

Argued March 6, 1973, before President Judge Bow-
man and Judges Crumlish, Jr., Kramer, Wilkinson,
Jr., Mencer, Rogers and Blatt.

*Ronald N. Watzman*, with him *Watzman, Levenson and Snyder*, for appellant.

*Norman M. Bartko*, for appellee.

Opinion by Judge Kramer, April 6, 1973:

This is an appeal from an order of the Court of Common Pleas of Allegheny County dismissing a complaint in mandamus and rendering judgment in favor of the defendant. The complaint alleged that the plaintiff, Rosemary Hutnik (Hutnik), a *temporary* professional employe of the defendant, the School District of the City of Duquesne (School District), had been improperly dismissed by the School District. The complaint prayed for the reinstatement of Hutnik as a teacher and further, for back pay under her professional employe contract.

The matter was submitted to the court below on the pleadings and the transcript of the hearings held before the School Board. The record indicates that Hutnik was hired as a *temporary* professional employe by the

School District for the school years 1969-70 and 1970-71. She allegedly performed her duties as a school teacher to August 12, 1971 when she was dismissed by the School Board. The School Board also refused to tender her a contract for the following school year.

Prior to her dismissal, Hutnik was notified by a letter dated June 21, 1971 of the charges made against her.[1] The letter enumerated the charges as follows:

"The general charges are incompetency and persistent negligence as revealed by your unsatisfactory ratings as a teacher.

"Specifically, the charges are:

"1. Ineffective pupil control and discipline.

"2. Interference of other classes by pupils assigned to you.

"3. Excessive and unauthorized deviation from submitting lesson plans.

"4. Use of profane language in class.

"5. Disregard of office directives."

Hearings were held before the Board during July and August of 1971, after which the Board confirmed its dismissal of Hutnik, from which no appeal was taken. Thereafter, the action in mandamus was filed.

---

[1] Although the transcript of the hearings before the Board, as reproduced for the use of this Court, indicates that certain exhibits were made a part of the record, none of them were reproduced or were submitted to this Court as part of the official record from the court below. Although they are not indispensable in the rendering of a decision by this Court, we deem it advisable to note that counsel should see to it that the appellate court receives all of the exhibits which were made part of the record. It would have been very helpful in this case to have seen the letter that was sent to Hutnik. It would have been very helpful to read the rating reports which were issued by Hutnik's superiors. Since both parties in their briefs allude to the letter sent to Hutnik dated June 21, 1971 as a dismissal, we will assume for the purposes of this case that it was a dismissal. *See Tishock v. Tohickon Valley Joint School Board,* 181 Pa. Superior Ct. 278, 124 A. 2d 148 (1956).

The complaint alleges that Hutnik was improperly discharged for the reason that she did not receive notice of an "unsatisfactory rating" within the time limit specified by Section 1108 of the Public School Code of 1949, Act of March 10, 1949, P. L. 30, as amended, 24 P.S. §11-1108. It also alleges that the unsatisfactory rating was not approved by the district superintendent, as provided in Section 1123 of the School Code, 24 P.S. §11-1123; and that no anecdotal record was furnished to her. In its answer, the School District admitted, for the most part, the allegations of Hutnik, but defended on the basis that it was not dismissing her for her unsatisfactory rating, but rather for "incompetency" and "persistent negligence" as stated in its notice to her. The School District argues that it is permitted to dismiss Hutnik for incompetency and persistent neglect under the provisions of Section 1122 of the School Code, 24 P.S. §11-1122. The lower court agreed with this contention of the School District, and relying upon *Johnson v. United School District Joint School Board*, 201 Pa. Superior Ct. 375, 191 A. 2d 897 (1963), in effect, affirmed the dismissal by the School Board, by holding that there was no proper action in mandamus.

In disposing of this case, we first point out that there is not one allegation in the complaint which alleges any arbitrary, capricious or bad faith activities on the part of the School District. The guide lines which this Court must follow in deciding whether or not mandamus is the proper action have been set forth by our Supreme Court in the case of *Travis v. Teter*, 370 Pa. 326, 87 A. 2d 177 (1952). In that case, our Court said: "Mandamus is an extraordinary writ which lies to compel the performance of a ministerial act or mandatory duty where there is *clear* legal right in the plaintiff, a corresponding duty in the defendant, and a want of any

other appropriate and adequate remedy. . . . However, even in such cases its issuance is not a matter of right but in certain circumstances is a matter for the sound discretion of the court. . . . It is well settled that in a mandamus proceeding a Court can compel a public official who is vested with a discretionary power to exercise that discretion; but (unless the discretion is arbitrarily or fraudulently exercised or is based upon a mistaken view of the law) it cannot interfere with or control the official's discretion or judgment. Expressed another way, it is the discretion and judgment of the official (who is vested with a discretionary power) which prevails and not that of a Court or a jury or a person aggrieved; and a Court cannot compel such official to exercise his discretion in a manner which will produce a result which the Court may deem wise or desirable. . . ." (Emphasis in original.) 370 Pa. at 330-31, 87 A. 2d at 179.

In following these guide lines, we note that Hutnik has an adequate remedy at law. In the Local Agency Law, Act of December 2, 1968, P. L. 1133, 53 P.S. §11301 et seq., we find in Section 7 of that Act, 53 P.S. §11307, the following: "Any person aggrieved by a final adjudication who has a direct interest in such adjudication shall have the right to appeal therefrom. Such appeal, unless otherwise provided by a statute authorizing a particular appeal, shall be taken within thirty days to the court of common pleas of any judicial district in which the local agency has jurisdiction." This Court, in *McDonald v. Penn Hills Township School Board,* 7 Pa. Commonwealth Ct. 339, 298 A. 2d 612 (1972) held that a local school district comes within the meaning of "local agency" of the Local Agency Law. In Section 2 of the Local Agency Law, 53 P.S. 11302, "adjudication" is defined as: "[A]ny final order, decree, decision, determination or ruling by a local

agency affecting personal or property rights, privileges, immunities or obligations of any or all of the parties to the proceeding in which the adjudication is made. . . ." In view of the fact that the Local Agency Law does provide a means for an appeal from the School District's decision or determination to dismiss Hutnik, the action of mandamus was not available to Hutnik and, therefore, the lower court order must be affirmed, albeit for different reasons. *See Smethport Area School District v. Bowers,* 219 Pa. Superior Ct. 269, 280 A. 2d 632 (1971) and *Nicolella v. Trinity Area School District School Board,* 444 Pa. 544, 281 A. 2d 832 (1971).