## Bonner v. Stroudsburg Area School District

*Murray Mackson, Michael Piosa* and *Dower, Mackson, Hauff & Hettinger,* for plaintiff.

*Samuel W. Newman,* for defendants.

MARSH, J., July 19, 1973.—This matter is before the

court on preliminary objections to a complaint in mandamus. Plaintiff, Robert Bonner, brought a complaint in mandamus against defendants, the Board of School Directors of the Stroudsburg Area School District, and Samuel O. Wells, 3rd, superintendent of the said school district, alleging that plaintiff and defendant had entered into a contract of employment on September 18, 1968. Plaintiff alleges that he had performed under the contract until July 15, 1970, when he was notified that he had received an unsatisfactory rating by the superintendent of schools and was, therefore, dismissed. Plaintiff requested a hearing before the school board and it was refused. The complaint further alleges that all ratings prior to the one rating by Samuel O. Wells, 3rd, were satisfactory and that the rating given to him on July 2, 1970, by Samuel O. Wells, 3rd, was unsatisfactory. The status of plaintiff was that of temporary professional employe. Among the terms of the contract, language is lifted from the statute to the effect that the contract provides, "[I]f said Temporary Professional Employee shall have served the above school district for a period of two years and shall have received a satisfactory rating during the last four months of the second year from the properly authorized superintendent of schools, the above employee thereafter shall be considered a Professional Employee and shall be tendered forthwith a Professional Employee's contract as provided in the school code."

The complaint continues that plaintiff had been dismissed contrary to the law providing that the termination of the contract of a professional employe was not complied with. In effect, he alleges that he was entitled to the same protection as a professional employe. He further states that the action taken by the school

board, together with the rating given him by the superintendent of schools on July 2, 1970, was, "unreasonable, arbitrary and capricious in that all of Plaintiff's ratings made by his superiors for the two year period, were satisfactory." Plaintiff's complaint then continues to set forth the manner in which he was damaged as a result of these acts.

The essence of the preliminary objections filed were that the complaint did not set forth a cause of action; that plaintiff was properly dismissed; that plaintiff had a full, complete and adequate remedy at law; and that plaintiff had failed to exercise or exhaust in a timely manner a statutory remedy of appeal as contained in the Public School Code of March 10, 1949.

Skipping over the first preliminary objection, preliminary objection no. 2 is set forth as follows:

"The facts alleged in the complaint show that the Plaintiff's employment was properly terminated by the Defendants in accordance with the Public School Code of 1949." The controlling statutory law is the Act of March 10, 1949, P. L. 30, art. XI, secs. 1108 and 1123, as amended, 24 PS §§11-1108, 1123. Section 1123 sets forth the system for rating a professional or temporary professional employe. After the rating is done in the manner prescribed, the effect of the rating is determined by section 1108 which provides, inter alia: "No temporary professional employe shall be dismissed unless rated unsatisfactory, and notification, in writing, of such unsatisfactory rating shall have been furnished the employe within ten (10) days following the date of such rating."

Section (b), inter alia, provides: "A temporary professional employe whose work has been certified by the . . . district superintendent to the secretary of the school district, during the last four (4) months of

the second year of such service, as being satisfactory shall thereafter be a 'professional employe' within the meaning of this article."

The act continues to indicate that if the satisfactory report is made for the last four months of the second year, then a professional contract shall be provided to the teacher for his acceptance.

In the instant case, the complaint alleges that an unsatisfactory rating was made by the superintendent of schools during the last four months and, therefore, the school district was under no obligation to tender a professional contract. Therefore, the procedure was correct and no hearing by the school board was due to plaintiff under section 1123 of the act because the employe never attained the status of a professional employe. Therefore, the procedure under which the superintendent of schools and the school board operated was legally correct. However, the complaint also alleges that the rating dated July 2, 1970, upon which the dismissal by the school district was predicated was " [u] nreasonable, arbitrary and capricious." Therefore, while the procedure may have been correct, the manner in which the procedure was exercised may have been improper. For these reasons, preliminary objection no. 2 is sustained insofar as the procedure of dismissal is concerned, but dismissed insofar as mandamus will lie to determine if the rating given by the superintendent of schools was unreasonable, arbitrary and capricious as a matter of law. Defendants' preliminary objection no. 4 is dismissed for the reasons hereinbefore set forth.

Preliminary objections nos. 1 and 3 will be handled together. "Mandamus is an extraordinary writ which lies to compel the performance of a ministerial act or mandatory duty where there is clear legal right in the

plaintiff, a corresponding duty in the defendant, and a want of any other appropriate adequate remedy": Travis v. Teter, 370 Pa. 326 (1952). Again, in Travis v. Teter, the court stated: "It is well settled that in a mandamus proceeding, a Court can compel a public official who is vested with a discretionary power to exercise that discretion; but (unless the discretion is arbitrarily or fraudulently exercised or is based upon a mistaken view of the law) it cannot interfere with or control the official's discretion or judgment. Expressed another way, it is the discretion and judgment of the official (who is vested with a discretionary power) which prevails and not that of a Court or a jury or a person aggrieved; and a Court cannot compel such official to exercise his discretion in a manner which will produce a result which the Court may deem wise or desirable."

In the instant case, the complaint does not set forth sufficient information upon which a court could determine whether or not a writ of mandamus should issue. Certainly, the writ of mandamus cannot be brought into play simply by making the statement in a complaint that the actions were "unreasonable, arbitrary and capricious." Whether or not the remedy of mandamus will lie depends on the facts in each case as being sufficient in law to establish a *clear right.* Unless the clear legal right can be established, mandamus will not lie, and plaintiff's remedy, if any, is in an action at law. Cf. Nicolella v. Trinity Area School District School Board, 444 Pa. 544 (1971).

The first preliminary objection is sustained and the plaintiff is given 20 days to plead over and the third preliminary objection is sustained insofar as the original complaint is concerned. The court enters the following

## ORDER

And now, July 19, 1973, defendants' first preliminary objection is sustained and plaintiff is allowed 20 days to plead over consistent with this opinion. Defendants' second preliminary objection is sustained insofar as procedure is concerned, but not sustained insofar as plaintiff may set forth proper facts for review by a court in an amended complaint. Defendants' third preliminary objection is sustained insofar as the original complaint is concerned, but may be cured by an amended complaint. Defendants' fourth preliminary objection is dismissed.