John H. Kretzler and Brian S. Kording, Appellants, *v.* Ohio Township, Appellee.

Argued November 9, 1973, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three. Reargued May 6, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Ronald P. Koerner,* with him *Gatz, Cohen, Segal & Koerner,* for appellants.

*Michael J. Boyle,* with him *Meyer, Unkovic & Scott,* for appellee.

OPINION BY PRESIDENT JUDGE BOWMAN, July 16, 1974:

Appellants are two regular full-time members of the Ohio Township Police Force who were properly appointed to the position of Chief of Police and Lieutenant by the Board of Township Supervisors (Board). Thereafter, the Board, on December 21, 1972, demoted each of the appellants to the rank of patrolman. Appellants requested a hearing on the Board's charges but that request was denied, and an appeal was taken from the Board's decision to the Court of Common Pleas of Allegheny County. Appellee filed a motion to quash, and by order of the lower court, appellants' appeal was quashed. An appeal was timely filed in this Court.

This appeal presents the novel issue of whether a police officer is entitled to a hearing when the appointing authority directs that he be reduced in rank. Our resolution of this issue turns upon an analysis of the Local Agency Law, Act of December 2, 1968, P. L. 1133, 53 P.S. §11302, and the Act of June 15, 1951, P. L. 586, §1 et seq., *as amended,* 53 P.S. §811 et seq. (commonly known as the Police Tenure Act).

The Police Tenure Act in Section 2, 53 P.S. §812, provides: "No person employed as a regular full time police officer . . . shall be suspended, removed or *re-*

*duced in rank* except for the following reasons: . . . ."
(Emphasis added.) The specific wording of this section
makes it applicable to a case involving a reduction in
rank, and appellants herein do not contend that the
Board failed to provide them a statement of the charges
as required by this section.

By contrast, Section 4 of the Police Tenure Act,
53 P.S. §814, omits any reference to reduction in rank
when providing for hearings. Section 4 states: "If the
person sought to be suspended or removed shall demand
a public hearing, the demand shall be made to the ap-
pointing authority. . . . The appointing authority shall
grant him a public hearing. . . ."

Prior to 1965, Section 2 did *not* contain the phrase
"reduced in rank" and was limited to suspensions and
removals. *See Rossiter v. Whitpain Township,* 404 Pa.
201, 170 A. 2d 586 (1961). In 1965 the Legislature
amended Section 2[1] and expanded the notice provisions
of that section to provide that a statement of charges
is also to be given to an officer when he is reduced in
rank. Section 4 was not at that time nor has it ever
been amended to include similar language mandating
a hearing when an officer is reduced in rank.

Within the context of the Police Tenure Act as thus
amended we may only conclude as a matter of legisla-
tive intent that a police officer when reduced in rank,
while entitled to a written statement of the charges
made against him, is not entitled to a public hearing
thereon. This anomalous result of a right to a state-
ment of charges without a corresponding remedy to
contest them is buttressed by Section 5 of the statute,
53 P.S. §815, which affords judicial review only with
respect to suspensions and dismissals. The result is
even more incongruous when one recognizes that the
Legislature saw fit to enumerate only five reasons for

---

[1] Act of July 19, 1965, P. L. 219, 53 P.S. §812.

dismissal or suspension which are the same and only reasons that may be assigned for a reduction in rank, albeit without a right in the police officer to contest them insofar as the Police Tenure Act is concerned.

This brings us to the Local Agency Law. The concept of a right statutorily attached to an office is crucial in construing the language of that Act, and is one of two questions which must be decided in determining the application of the Local Agency Law to the facts of this case.

Recognizing that actions of local agencies affect personal and property rights, the Legislature enacted the Local Agency Law in implementation of Article V, Section 9, of the Pennsylvania Constitution of 1968, which provides that there shall be a right of appeal from actions of administrative agencies to a court of record, the selection of such court to be as provided by law.

Section 2 of that statute, 53 P.S. §11302(2), defines a local agency to mean ". . . any . . . office or other agency of a political subdivision. . . ." This definition has been construed by this Court and the Superior Court to include school districts, *McDonald v. Penn Hills Township School Board,* 7 Pa. Commonwealth Ct. 339, 298 A. 2d 612 (1972); *Smethport Area School District v. Bowers,* 219 Pa. Superior Ct. 269, 280 A. 2d 632 (1971).

What the Superior Court stated in *Smethport, supra,* with reference to the attributes of school districts is equally applicable to a township: "A school district is a creature of the State Legislature and as such creature it possesses only those administrative powers as are expressly granted by the Legislature or inferred by necessary implications. [Citation omitted.] However, as well as being a creature of the Legislature, it is also a political subdivision created by the Legislature and clearly within the context of the Local Agency Law."

219 Pa. Superior Ct. at 273, 280 A.2d at 635. The township is likewise a political subdivision, created by the legislature, possessing both legislative and administrative powers to the extent such powers are granted by the legislature.

We conclude, therefore, that to the extent a township is performing an administrative function within the framework of a power or authority conferred upon it by law it is a local agency within the meaning of the statute.

The final consideration is whether any such action constitutes an adjudication within the meaning of the Local Agency Law. As specifically applicable to this appeal, did the action taken by the Board in reducing appellants in rank constitute an adjudication thereby affording to the appellants the right of an administrative hearing and judicial review provided by this statute?

Section 2 of the Local Agency Law, 53 P.S. §11302 (1), defines an adjudication to mean ". . . any final order, decree, decision . . . by a local agency affecting personal or property rights, privileges . . . of any or all of the parties to the proceeding . . . ."

Considering the purpose sought to be achieved by the mentioned constitutional provision and the intent of the legislature to implement it by affording remedies to all persons whose property rights, personal rights or privileges are the subject of local agency action, we believe that a police officer statutorily afforded a right to his *present* rank, except for enumerated reasons which must be given to him in writing, is entitled to the protection afforded by said statute, thus giving substance and meaning to the right the legislature saw fit to confer upon him with respect to reduction in rank for specified reasons only. As such, this statutorily conferred right is a property or personal right within the meaning of an adjudication as defined in said Act.

Accordingly, appellants are entitled to the administrative hearing afforded by said Act and either party to judicial review of the adjudication.

The order of the lower court is hereby reversed and the case is remanded to it with direction that it remand the matter to the Board for further proceedings consistent with this opinion.

