## Diane McKelvey, Appellant *v.* The Colonial School District, Appellee.

Argued October 9, 1975, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Richard W. Rogers,* with him *Rogers, King & Daniels,* for appellant.

*Raymond M. Seidel,* with him *Walton Coates,* and *High, Swartz, Roberts & Seidel,* for appellee.

OPINION BY JUDGE ROGERS, December 5, 1975:

This is the appeal of Diane McKelvey from an order of the lower court sustaining a demurrer to and dismissing her complaint in mandamus by which she sought an order reinstating her as a temporary professional employee of the appellee Colonial School District.

Ms. McKelvey's complaint filed on October 23, 1974 avers that she was employed as a temporary professional

employee in August 1973; that she served in this capacity during the school year 1973-74; that on June 21, 1974 she received a letter from the school superintendent stating that her performance had been rated unsatisfactory; that on August 21, 1974 she received a letter from the secretary of the School Board informing her that the Board had voted to terminate her contract "effective immediately" by reason of specified charges and advising her of her right to a hearing on the charges, provided that she requested such within ten days; that on August 30, 1974, through her counsel, she requested a hearing; and that despite her request the School District "has failed and refused to provide to the plantiff a hearing as requested or to permit the said plaintiff to perform services for the said School District." The court below, although noting that the plaintiff had a right to a hearing pursuant to the Local Agency Law, Act of December 2, 1968, P.L. 1133, 53 P.S. §11301 et seq. and recognizing that she had asked for and been refused a hearing, sustained the demurrer. The basis of the court's ruling was that the complaint did not ask for a hearing but for reinstatement, a matter within the discretion of the School Board. We believe that the lower court erred and we vacate its order and remand the case for further proceedings.

The dismissal of temporary professional employees rated unsatisfactory is provided for by Section 1108 of The Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §11-1108. The Public School Code of 1949 does not provide a temporary employee a right to a hearing. Further, in *Nicolella v. Trinity Area School District School Board,* 444 Pa. 544, 281 A.2d 832 (1971), our Supreme Court held that mandamus would not afford the remedy of reinstatement to a temporary professional employee discharged after an unsatisfactory rating. In a footnote of the *Nicolella* opinion, it was noted, however, "that today a similar situation would

have to be considered in light of the Local Agency Law. . . ."[1] This is that similar situation.

Section 4 of the Local Agency Law, 53 P.S. §11304 provides:

> "No adjudication shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard. All testimony may be stenographically recorded and a full and complete record may be kept of the proceedings. In the event all testimony is not stenographically recorded and a full and complete record of the proceedings is not provided by the local agency, such testimony shall be stenographically recorded and a full and complete record of the proceedings shall be kept at the request of any party agreeing to pay the costs thereof."

The School Board's action memoralized by its letter of August 21, 1974 terminating Ms. McKelvey's employment "effective immediately" was an adjudication. The complaint avers, and the demurrer provisionally admits, that the plaintiff was refused a hearing. It follows, first, that the adjudication of termination was invalid by reason of the refusal of the Board to afford the plaintiff "reasonable notice of a hearing and an opportunity to be heard" and second, that the plaintiff would remain a temporary professional employee entitled to the relief sought in her mandamus action. The complaint therefore stated a cause of action and should not have been dismissed on demurrer.

The order of the court below is vacated and the record is remanded for further proceedings according to law.

---

1. 444 Pa. at 550, 281 A.2d at 835.