## Fatscher v. Board of School Directors

*Thomas P. Hamilton, Jr.,* for plaintiff.
*D. Barry Gibbons,* for defendant.

LIPPINCOTT, *J.,* January 6, 1976—Plaintiff is a tenured professional employe of the Springfield School District within the meaning of the Public School Code of March 10, 1949, P.L. 30, as amended, 24 P.S. §11-1124. Apparently as the re-

sult of decreasing enrollment, plaintiff was given notice by the superintendent of schools that he was suspended pursuant to sections 1124 and 1125 of the code, 24 P.S. §§11-1124 and 11-1125. Upon receipt of that notice, he demanded a hearing as provided by section 11304 of the Local Agency Law of December 2, 1968, P.L. 1133, 53 P.S. §11304. This request was denied and plaintiff was placed in a suspended status.

On August 21, 1975, plaintiff filed a complaint in mandamus requesting that this court order defendant to conduct a hearing as required by the Local Agency Law and concurrently filed a motion for summary judgment. In response to the complaint, on September 12, 1975, defendant filed preliminary objections in the nature of a demurrer. By stipulation of counsel, plaintiff's complaint was amended to include in the prayer for relief reinstatement as a teacher and damages for loss of compensation from the commencement of the 1975-1976 school year. The parties have agreed that plaintiff's motion for summary judgment and defendant's preliminary objections be treated as applying to the amended complaint.

## I.

The first issue presented is whether a professional employe who is suspended by a public school district has a right to a hearing to contest such suspension under the Local Agency Law.

It is settled law that if proper procedures are followed, positions within a school district occupied by professional employes may be abolished. See Charleroi Area School Dist. v. Secretary of Education, 18 Pa. Commonwealth Ct. 121, 334 A. 2d 785 (1975). Furthermore, those conditions and procedures re-

quired to be followed in eliminating those positions and suspending the professional employes occupying them are fully set forth in sections 1124 and 1125 of the code. However, the code does not provide for hearings on, or appeals from, actions taken pursuant to these sections. Sections 1126 through 1132 do not apply to suspensions but rather to dismissals. See Smith et al. v. Harmony Area School Dist., 16 Pa. Commonwealth Ct. 175, 328 A. 2d 883 (1974); Paden Appeal, 80 D. & C. 125 (1951). Therefore, since plaintiff was suspended and not dismissed, he has no right to a hearing under the Public School Code of 1949.

However, the 1968 amendments to the Constitution have brought about a change in this situation. Specifically, section 9 of article V established a right of appeal from an administrative agency to a court of record or to an appellate court as provided by law. "This introduced a new concept to Pennsylvania jurisprudence, one which recognized the important position of administrative agencies in modern government, the quasi-judicial functions that many of them perform, and the fact that both property rights and personal rights can be seriously affected by their decisions.": Smethport Area School Dist. v. Bowers, 440 Pa. 310, at page 314, 269 A. 2d 712 at page 715 (1970). Section 9 of article V, however, was not self-executing and required legislative action for its implementation.

The Local Agency Law of December 2, 1968, P.L. 1133, 53 P.S. §§11301, et seq., was one of the statutes enacted to implement this provision in recognition of the fact that actions of local agencies affect personal and property rights: Kretzler v. Ohio Township, 14 Pa. Commonwealth Ct. 236, 322 A. 2d 157 (1974). It provides for a right to appeal in

all cases from adjudications of administrative agencies of political subdivisions and for the practice and procedure before such agencies. It has long been settled that a school district is included within the definition of a political subdivision and, as such, is a local agency and subject to the provisions of the Local Agency Law: Hutnik v. Duquesne School District, 8 Pa. Commonwealth Ct. 387, 302 A. 2d 873 (1973); McDonald v. Penn Hills Twp. School Bd. et al., 7 Pa. Commonwealth Ct. 339, 298 A. 2d 612 (1972); Smethport Area School Dist. v. Bowers, 219 Pa. Superior Ct. 269, 280 A. 2d 632 (1971).

The final consideration is whether defendant's action in suspending plaintiff constitutes an "adjudication" thereby affording him the right to an administrative hearing and judicial review as provided by the law. Section 2 of the Local Agency Law, 53 P.S. §11302 defines adjudication as ". . . any final order, decree, decision, determination or ruling by a local agency affecting personal or property rights, privileges, immunities or obligations of any or all of the parties to the proceeding in which the adjudication is made . . ." Considering the legislative purpose and intent in enacting the Local Agency Law, it is clear that, at least to the extent that the board's decision determines or affects private rights, privileges, immunities or obligations, such decisions must be preceded by an opportunity to be heard as required by the Local Agency Law. See Kretzler v. Ohio Township, supra; Shellem v. Springfield School Dist., 6 Pa. Commonwealth Ct. 515, 297 A. 2d 182 (1972); Acitelli v. Westmont Hilltop School Dist., 60 D. & C. 2d 712 (1973).[1]

1. See also Nicolella v. Trinity Area Sch. Dist. Sch. Bd., 444 Pa. 544, 281 A. 2d 832 (1971), where our Supreme Court, in

We believe that the decision of the Springfield School Board affected plaintiff's statutory rights to employment as a tenured professional employe under the Public School Code, was one affecting his private rights by adjudication as defined above, and was consequently subject to the hearing requirements of the Local Agency Law.[2]

## II.

Defendant also contends that plaintiff's complaint fails to set forth facts which establish a clear and legal right to the issuance of a writ of mandamus. We disagree.

The complaint alleges that plaintiff was suspended by defendant pursuant to the provisions of the Public School Code; that he demanded a hearing as required by the Local Agency Law; and that defendant has failed, refused and neglected to hold the requested hearing. We believe that these allegations are sufficient to meet the guidelines which this court must follow in deciding whether or not a writ of mandamus will issue. As stated by the Supreme Court in Travis v. Teter, 370 Pa. 326, at 330, 87 A. 2d 177, at page 179 (1952):

"Mandamus is an extraordinary writ which lies to compel the performance of a ministerial act or mandatory duty where there is a *clear* legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other appropriate and adequate

footnote 5, indicated that subsequent to enactment of the Local Agency Law, its provisions would have to be considered where the statute involved did not provide for a hearing.

2. After relevant facts have been determined, defendant may not have acted in accordance with the provisions of section 1124 or plaintiff may have rights that would entitle him to be retained in another capacity pursuant to section 1125.

remedy. . ." (citing cases) (Emphasis by Supreme Court.)

As we have previously stated, plaintiff had a clear, legal right to a hearing pursuant to the Local Agency Law and defendant had a corresponding duty to provide one. Mandamus is, in our view, the only adequate and appropriate remedy.

### III.

In his amended complaint, in addition to requesting a hearing, plaintiff requests reinstatement and damages for loss of compensation. As was said in Donnon v. Downingtown Civil Serv. Comm., 3 Pa. Commonwealth Ct. 366, at pages 370-371, 283 A. 2d 92 at 94 (1971): ". . . [T]his case is similar to and controlled by a myriad of cases, heretofore decided, in which improper procedural methods have dictated a contingent reversal of the agency's decision. Remand for a proper hearing regardless of the result, insures the integrity of administrative process . . ."

The same reasoning was likewise applied in Shellem v. Springfield School Dist., supra, where it vacated the order of the lower court which had required the Board of School Directors of Springfield Township to reinstate a substitute teacher and remanded the record to the school district for a proper hearing. In addition, in a companion case, Shellem v. Springfield School Dist., 6 Pa. Commonwealth Ct. 527, 297 A. 2d 179 (1972), the court found money damages to be only incidental to the extraordinary relief of reinstatement and held that mandamus was never intended to be a substitute for an action in assumpsit.

We believe that, under the facts of this case, the proper procedure is to remand the proceedings for a

hearing in accordance with the Local Agency Law. In view of the fact that the Local Agency Law also provides for an appeal if the school district should render an adverse decision, we do not believe that reinstatement and money damages for lost wages should be granted at this stage of the proceedings. See Hutnik v. Duquesne School District, supra, and cases cited.

Therefore, we enter the following

### ORDER

Now, January 6, 1976, after argument before the court en banc, it is hereby ordered and decreed that:

1. The motion for summary judgment by plaintiff pursuant to Pa.R.C.P. 1098 is hereby granted except as to the requests for reinstatement and monetary damages, which are denied.

2. Defendant's preliminary objections are overruled.

3. Defendant is directed to hold a hearing in accordance with this opinion.

Judge Wright did not participate.