Howard H., Appellant *v.* Dr. Jacob Wentzel, et al.

Argued December 10, 1976, before Judges CRUM-LISH, JR., MENCER and BLATT, sitting as a panel of three.

*Janet P. Stotland,* with her *Irene Solet, Stephen C. Miller,* and *Steven S. Goldberg,* for appellant.

*Harold E. Sheely,* for appellees.

OPINION BY JUDGE BLATT, March 21, 1977:

On February 26, 1975, Howard H. (appellant) was a ninth grade student in the Red Land High School of the West Shore School District. On that date, he

was suspended from school for the alleged possession and attempted delivery of a small quantity of marijuana. The juvenile probation office in York County was notified of the incident but the complaint was handled informally and no proceedings were instituted. On March 10, 1975, following a hearing by a committee of the District School Board, the appellant was permanently expelled from school pursuant to Section 1318 of the Public School Code of 1949,[1] 24 P.S. §13-1318. No appeal was taken from this action.[2] The efforts of the appellant's parents to place him in another school district were unsuccessful, however, and, when they finally requested that their son be readmitted to the West Shore School District, they were informed by a letter from the District Supervisor that the expulsion order remained the District's official position.

Howard H. and his parents filed a complaint in equity in the Court of Common Pleas of Cumberland County seeking to enjoin the West Shore School District, its Supervisor and Board of Directors, from failing to provide the appellant with educational services within the District. The complaint alleged that the defendants had wrongfully failed to provide the plaintiff with educational services in violation of 22 Pa. Code §12.6(h), a regulation duly adopted by the State Board of Education. The lower court denied the request for an injunction, holding that the requirement of readmission set forth in the regulation was beyond the power of the State Board and therefore unenforceable. This appeal followed.

[1] Act of March 10, 1949, P.L. 30, as amended, 24 P.S. §1-101 et seq.

[2] The appellant could have appealed this decision of the School Board pursuant to the Local Agency Law, Act of December 2, 1968, P.L. 1133, 53 P.S. §11301 et seq. See McDonald v. Penn Hills Township School Board, 7 Pa. Commonwealth Ct. 339, 298 A.2d 612 (1972).

We have held that the State School Board regulations entitled "Student Rights and Responsibilities" found at 22 Pa. Code §§12.1-.15, of which the regulation herein questioned is a part, are invalid for want of statutory authority to support them and therefore unenforceable in *Girard School District v. Pittenger,* 29 Pa. Commonwealth Ct. 176, 370 A.2d 420 (1977). We must, therefore, affirm the order of the lower court.

### ORDER

AND Now, this 21st day of March, 1977, the order of the Court of Common Pleas of Cumberland County dated February 23, 1976 denying the plaintiff's request for an injunction is hereby affirmed.