Raymond S. Kodish, Appellant *v.* Spring-Ford Area School District, Appellee.

Argued April 7, 1977, before Judges CRUMLISH, JR., MENCER, and ROGERS, sitting as a panel of three.

*Richard W. Rogers,* with him *Rogers, King & Cole,* for appellant.

*Malcolm Campbell,* for appellee.

*William Fearen,* with him *Michael I. Levin,* and *Cleckner & Fearen,* for amicus curiae, Pennsylvania School Boards Association.

OPINION BY JUDGE ROGERS, April 28, 1977:

The appellant, Raymond S. Kodish, a professional employee of the Spring-Ford Area School District,

was suspended from his teaching duties because of the curtailment of a program pursuant to Section 1124 of the Public School Code of 1949.[1]  Mr. Kodish requested and was refused a hearing before the Board of School Directors, and his petition to the Court of Common Pleas of Montgomery County for an order requiring the Board to conduct a Local Agency Law[2] hearing was dismissed.  Mr. Kodish appealed.  We must reverse the order of the court below and remand the record.

After the briefs in this case were filed but before oral argument, we held in *Fatscher v. Board of School Directors, Springfield School District,* 28 Pa. Commonwealth Ct. 170, 367 A.2d 1130 (1977), that a professional employee suspended pursuant to section 1124 is entitled to a Local Agency Law hearing.

The School District nevertheless says that *Fatscher* is distinguishable because the cause for suspension there was a substantial decrease in pupil enrollment, an objective decision, while the cause for suspension here, curtailment of an educational program, is a policy decision exclusively within the province of the Board.  Our research discloses that this Court has on at least one occasion entertained an appeal by a professional employee suspended because of the alteration of an educational program and who had been given a hearing by the Board.  *Gabriel v. Trinity Area School District,* 22 Pa. Commonwealth Ct. 620, 350 A.2d 203 (1976).  More to the point, however, President Judge Bowman in *Fatscher* wrote:

[1] Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §11-1124. Section 1124 authorizes suspension of professional employes for (1) substantial decrease in pupil enrollment, (2) curtailment or alteration of the educational program, (3) consolidation of schools, or (4) reorganization of school districts.

[2] Act of December 2, 1968, P.L. 1133, *as amended,* 53 P.S. §11301 et seq.

Further, Section 1124 of the Code, by enumerating four reasons for the suspension of professional employes, *does*, in effect, grant the employes the right to be suspended for those reasons *only*. *Cf.* Kretzler v. Ohio Township, 14 Pa. Cmwlth. 236, 322 A.2d 157 (1974). Moreover, Section 1125 of the Code grants employes subject to suspension a number of additional rights (including those relating to seniority and reinstatement) by prescribing the procedure by which suspended employes must be selected.

Without a hearing, the affected employes have no means of insuring: (1) that one of the reasons for suspension enumerated in Section 1124 does, in fact, exist; and (2) that the procedure prescribed in Section 1125 has been followed. It is precisely for the purpose of providing a procedure, where none otherwise exists, to enforce such rights that the Local Agency Law was enacted. Smith v. Board of School Directors of The Harmony Area School District, 16 Pa. Cmwlth. 175, 177, 328 A.2d 883, 885 (1974); McKelvey v. Colonial School District, 22 Pa. Cmwlth. 207, 348 A.2d 445 (1975); Kretzler, supra. Not surprisingly, the rights of professional employes suspended because of decreased enrollment have been the subject of a number of appeals to this Court originating from Local Agency Law proceedings.

The action of the Board in suspending the appellee was clearly a 'decision' or 'determination' affecting his 'personal or property rights' within the meaning of an 'adjudication' in Section 2 of the Local Agency Law. Pursuant to Section 4 of that statute, 53 P.S. §11304, such

646

adjudication is not valid as to the appellee 'unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard.' Consequently, appellee had a clear right to a hearing, and the Board had a corresponding duty to provide one.

28 Pa. Commonwealth Ct. at 173, 367 A.2d at 1132.

Insofar as *Streletz v. Shade-Central City School District*, 30 Somerset 74 (1974), cited by the School District, differs from our views, it is, of course, disapproved.

ORDER

AND Now, this 28th day of April, 1977, it is ordered that the order of the court below be and it is reversed and that the record be and it is remanded for proceedings consistent herewith.