## Keller v. Borough of Milford

*Ronald M. Bugaj,* for plaintiff.
*John H. Klemeyer,* for defendant.

## FACTS

THOMSON, *P.J.*, January 24, 1985—On January 22, 1985, petitioner filed a petition in equity against the Borough of Milford. Petitioner seeks reinstatement as Chief of Police of the Borough of Milford. Essentially, petitioner contends that he was

wrongfully demoted without the benefit of a hearing before the borough council. A request for a hearing on the demotion and reduction of rank was denied by the council. Argument on petitioner's petition seeking reinstatement as Chief of Police of the Borough of Milford and back pay retroactively was held on December 3, 1985. This matter was taken under advisement.

## OPINION

The issue for resolution is whether or not petitioner's request for relief should be granted at this time. Petitioner contends that his demotion was improper in light of the requirements of due process and the weight of the evidence. Petitioner contends that a fundamental premise of our system of justice is that an accused has the right to address the charges against him before a decision affecting his livelihood should be made. Mr. Keller contends that absolutely no notice of the charges against him were given prior to his demotion. Petitioner contends notice is required under 2 Pa.C.S. §553 which states as follows:

*"No adjudication of a local agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard.* All testimony may be stenographically recorded and a full and complete record may be kept of the proceeding. In the event all testimony is not stenographically recorded and a full and complete record of the proceedings is not provided by the local agency, such testimony shall be stenographically recorded and a full and complete record of the proceedings shall be kept at the request of any party agreeing to pay the cost thereof." (Emphasis added.) It appears that this procedure has not been complied with.

Respondent, however, contends that the Police Tenure Act at 53 P.S. §811 et seq., controls in this case and that the proper procedure when an officer is suspended, removed or reduced in rank is that he be granted a hearing if he requests that hearing. The council believes that because Mr. Keller did not immediately request a hearing, they were not required to automatically provide him one. Also, he is not now eligible for such a hearing, as the time period in which to demand or request a hearing has elapsed.

It appears that the Police Tenure Act does not control in the case and we find that the time for requesting a hearing had not elapsed. According to Kretzler v. Ohio Township, 14 Pa. Commw. 236, 322 A.2d 157 (1974), which facts are very similar to the instant case, the court held that the applicable statute to be applied is local agency law and not the Police Tenure Act.

"Where officers were statutorily afforded the right to their present ranks, except for enumerated reasons which have to be given to them in writing, action by board of township supervisors in reducing in rank of two police officers constituted an 'adjudication' within the meaning of the *local agency law,* thereby affording police officers the right to an administrative hearing and judicial review in accordance with provision of the statute. 53 P.S. 812, 11302, 11302(1) and 11302(2)." (Emphasis added.) Again, in reviewing the statute referred to in the above case, which is now 2 Pa.C.S. §553, we find that it states: "No adjudication of the local agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard." We find that no time frame is required for the demand of a hearing.

For the aforementioned reasons, we believe that the Borough of Milford Council was remiss in not affording petitioner a hearing on his demotion. Not only is respondent required by administrative law and procedure to provide such a hearing, but we wish to reiterate the fact that due process is a fundamental right available to our citizenry.

We will not discuss the other remedies that petitioner seeks at this time as we do not feel that they are yet ripe for determination. Reinstatement and recoupment of back pay are issues which shall be first decided by the Borough of Milford's council in its hearing on the demotion of petitioner.

### ORDER

And now, this January 24, 1986, respondent is hereby ordered to conduct an appropriate hearing within the next 30 days.