## York, et al. *v.* Montrose Area School District, et al.

Argued March 7, 1973, before President Judge Bow-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*John J. Hovan,* for appellants.

*Audrey R. Kelly,* with her *J. Melvin Kelly, Paul A. Kelly* and *Kelly & Kelly,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., June 20, 1973:

Appellants are residents, taxpayers, and parents of children within the Montrose Area School District. On the 17th of April 1972, the appellants filed a Complaint in Equity in the Court of Common Pleas of Susquehanna County seeking to enjoin the Montrose Area School Board from proceeding with their plans to build an addition to the existing Junior-Senior Lake Montrose structure. Appellants argued that the Board's decision to build the addition was founded on inadequate surveys and information, and hence its decision was arbitrary, capricious and in violation of its discretionary authority.

By Order dated April 17, 1972, the lower court denied injunctive relief but granted a rule to show cause

why: (1) the School District should not be restrained from the sale of bonds; (2) it should not make available findings of fact upon which it based any decision it has made; (3) it should not undertake an unprejudiced independent survey to determine the need for a new school.

On June 5, 1972, a hearing was held and on August 18, 1972, Judge Donald O'Malley issued an order vacating and discharging the rule.

Appellants prosecute the appeal to this Court.

They proffer two thrusts. First, they contend that the Board did not have a sufficient number of surveys and quality statistical data upon which to make an intelligent judgment on the need and extent of the proposed addition and so it abused its discretion. Secondly, appellants argue that the lower court's order is unreasonable and contrary to the weight of the evidence.

We disagree and affirm the lower court.

The Public School Code, Act of March 10, 1949, P. L. 30, Article VII, Section 701, as amended, 24 P.S. §7-701 provides: "The board of school directors of each district shall provide the necessary grounds and suitable school buildings to accommodate all the children between the ages of six and twenty-one years, in said district, who attend school. . . ."

In order to deal with the questions herein involved, we must first determine the function of the courts of common pleas in such actions.

In order for a court of equity to grant relief, it must clearly be shown that the school board acted outside its statutory authority or not in good faith. An injunction will issue only when the board transcends the limits of its legal discretion. *Detweiler v. Hatfield Borough School District*, 376 Pa. 555, 104 A. 2d 110 (1954); *Regan v. Stoddard*, 361 Pa. 469, 65 A. 2d 240 (1949); *Allen v. Uniontown Area School District*, 4 Pa. Commonwealth Ct. 183, 285 A. 2d 543 (1971).

The burden to show a school board has abused its discretion is a heavy one, sustained only when it is apparent that it has substituted arbitrary will or caprice for sound considered judgment. *Lamb v. Redding,* 234 Pa. 481, 83 A. 362 (1912), *Allen v. Uniontown Area School District,* 4 Pa. Commonwealth Ct. 183, 285 A. 2d 543 (1971).

Appellants contend that abuse of discretion is clearly demonstrated when a decision of a school board appears to be based on insufficient inquiries and firmly established facts. *See Dochenetz v. Bentworth School District,* 6 Pa. Commonwealth Ct. 173. This, they say, is the situation here.

This Court, in reviewing a lower court's refusal to grant injunctive relief, limits that review to a determination of a simple proposition. Were there reasonable grounds for its order? Only when it is apparent that there were no such grounds will we consider the merits further or pass upon the reasons advanced to support the court's conclusion. *Keystone Guild, Inc. v. Pappas,* 399 Pa. 46, 159 A. 2d 681 (1960).

The appellants endeavored to convince the lower court that appellees failed to employ the most accurate statistical methods to project the number of children who would use the new structure. As impressive as this testimony is, it does not relieve appellants of their substantial burden. It is evident from the record that the board utilized what it considered to be a reliable method of estimating prospective pupil enrollment. In addition, the board has time running against it as it is faced with the urgent immediate problem of an overcrowding Junior-Senior High School. The use of eight temporary classroom facilities is inadequate to meet current, much less future demands. Without delving deeper into the specifics of the record, it is clear that the school board has grappled with the problem of overcrowdedness, searched for a solution, and made its decision. Although

its methods may not be as scientific as those which appellants advocate, inquiries and studies were made.

It is clear that the lower court had reasonable grounds on which to base its determination that the school board did not abuse its discretion.

Secondly, the appellants contend that the lower court either did not have before it sufficient facts to make a reasonable judgment or in the alternative the lower court's decision is against the weight of the evidence.

Appellants stress several mistakes made by the able lower court judge in his review of the facts and urge us to reverse the order because it is contrary to the weight of the evidence.

The factual errors made by the judge below are not of sufficient substance to lead to the conclusion that he was capricious or without a firm grasp of the issues before him. Since our independent review of the record indicates without question that the lower court had reasonable and sufficient grounds to vacate and discharge the rule, we affirm.