Board of Directors of the School District of the City of Scranton, Appellant, *v.* Barbara Roberts, Claire Mineo, Bernice Paskert, Gina Zukowski, Grace Conforti, Nancy Germaine, Marian DiLeo, Lorraine Hazzouri, Mary Soma, Marian Anzaroot, Eleanor Volpe and Golyde Weinberger, Appellees.

Argued April 3, 1974, before President Judge BOW-MAN, and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*James A. Kelly,* Solicitor, for appellant.

*Richard S. Campagna,* for appellees.

OPINION BY PRESIDENT JUDGE BOWMAN, May 20, 1974:

This is an appeal from an order of the Court of Common Pleas of Lackawanna County granting a preliminary injunction. The injunction required the appellant, Board of Directors of the School District of

the City of Scranton (Board), to "continue" to provide school bus service for those seventh and eighth grade pupils residing in the Oakmont area of the City of Scranton.

Prior to the 1973-74 school year, public schools in Scranton were classified as either elementary or secondary schools. Pupils in grades kindergarten through eighth were assigned to the elementary schools while those pupils in grades nine through twelve were assigned to secondary schools. As a part of the restructure of its educational system which included a building campaign expanding public school facilities, the above classification was changed so that elementary schools accommodated pupils in grades kindergarten through sixth, while the secondary schools encompassed pupils in grades seven through twelve. In order to adequately provide for this secondary school expansion, junior high schools were constructed to educate students in grades seventh, eighth and ninth.

Pursuant to this restructure of the system, the Board adopted, by resolution, on July 9, 1973, a busing policy which provided free transportation for elementary school pupils (kindergarten-sixth). This policy, however, restricted the busing of secondary school students to those occasions in which no adequate public transportation existed *and* the pupil's residence was in excess of two miles from the school or for a lesser distance if a certified hazardous condition existed.

The appellees in the instant case are parents of students in the seventh and eighth grades who had previously been classified as elementary school pupils, but who, under the reorganization, have been transferred to a junior high school which is now classified as a secondary school. As the result of the Board's July 9th resolution, these pupils no longer receive school bus service, but must travel to school over a route that has been certified by PennDOT as hazard-

ous. On the first day of the 1973-74 school year, September 5, 1973, appellees filed their complaint requesting a preliminary injunction. The injunction was issued and an appeal has been taken to this Court.

A brief outline of the reasons behind the Board's decision not to bus seventh and eighth grade pupils, as heretofore, will serve to illuminate the background of this case. In 1972, the Legislature amended the Public School Code[1] to require that pupils attending non-profit private schools be given identical school bus service as was given to public school pupils. Act No. 372 states in pertinent part: "The board of school directors . . . *may,* out of the funds of the district, provide for the free transportation of any resident pupil to and from kindergarten, elementary or secondary school. . . . When provision is made . . . for the transportation of public school pupils to and from such schools . . . the board of school directors *shall* also make *identical* provision for . . . pupils who regularly attend non-public schools. . . ." (Emphasis supplied.) Act No. 372 considerably enlarged the burden on the school district by requiring that they provide identical transportation services for non-public school pupils. Recognizing that such an increase in service would necessarily result in higher costs to the district, and recognizing that the statute, by its terms, confers upon the Board a discretionary power as to whether they will or will not provide school bus service, the Board decided not to offer service to secondary school pupils.

The scope of review of this Court in reviewing the granting of a preliminary injunction is restricted. In the absence of a manifest error of law, clear abuse of discretion or a lack of reasonable grounds, the decision

---

[1] Act of December 29, 1972, P. L.    , No. 372, 24 P.S. §13-1361, amending the Act of March 10, 1949, P. L. 30, 24 P.S. §13-1361, (Act No. 372).

of the Chancellor will not be disturbed. *Ross v. Philadelphia Federation of Teachers,* 8 Pa. Commonwealth Ct. 204, 211, 301 A. 2d 405, 409 (1973). In the instant case, we conclude that the lower court has made such an error of law and must, therefore, be reversed.

The Supreme Court and this Court have repeatedly held that the exercise of a school board's discretion will not be interfered with unless the action is arbitrary, based on a misconception of the law or ignorance through a lack of inquiry into the facts. *Zebra v. Pittsburgh School District,* 449 Pa. 432, 296 A. 2d 748 (1972); *York v. Montrose Area School District,* 9 Pa. Commonwealth Ct. 379, 307 A. 2d 478 (1973). The plaintiff must sustain a heavy burden of proof before a discretionary power of the board will be overturned. *York, supra.* Furthermore, in a case in which a party requests a preliminary injunction, he must also establish a clear right to the relief, and that the failure to receive same must result in immediate and irreparable injury. *McMullan v. Wohlgemuth,* 444 Pa. 563, 281 A. 2d 836 (1971).

A review of the lower court's opinion indicates that there has been no finding that the Board abused its discretion, and consequently the appellees have failed to establish a clear right to the injunctive relief they sought. The court states in its opinion at page 186a of the record: "We believe the evidence at this stage *may* warrant the conclusion that the Board's policy against busing was the product of an arbitrary will. . . ." (Emphasis supplied.) A conclusion by the lower court that the Board *may* have abused its discretion is an insufficient basis on which to grant a preliminary injunction. There can be no clear right on the part of the plaintiff if there is no affirmative finding that the Board abused its discretion.

The lower court has styled its injunction as preliminary; in fact, it is also mandatory. In *McMullan,*

*supra,* the Supreme Court provides a concise analysis of the distinction between a prohibitory preliminary and a mandatory preliminary injunction. A prohibitory injunction is designed to maintain the status quo, whereas a mandatory injunction requires the defendant to perform some affirmative act to comply therewith. The Supreme Court also states in *McMullan, supra,* 444 Pa. at 565, 281 A. 2d at 841: "Mandatory preliminary injunctions should be granted even more sparingly than those which are merely prohibitory." The rights of the parties must be entirely clear, and a mandatory injunction is granted in only exceptional circumstances.

The Supreme Court has defined status quo as the last actual, peaceable, noncontested status which preceded the pending controversy, *Pennsylvania Public Utility Commission v. Israel,* 356 Pa. 400, 52 A. 2d 317 (1947). In the instant case, the status quo is determined either as of the July 9th resolution or the opening day of the 1973-74 school term, September 5, 1973. In either case, the status quo was nonbusing, and thus the lower court has granted a mandatory injunction by requiring that busing be initiated. Having failed to meet the requirements of a preliminary injunction, it cannot meet the more stringent standards necessary to sustain a mandatory injunction.

The appellees also contend that the language of the Board's July 9th resolution requires that they provide busing because a certified hazardous condition exists. This assertion, however, ignores the Board's caveat that such service would only be provided in the absence of adequate public transportation. The lower court in its opinion reviewed the evidence as to the adequacy of public transportation but did not make a finding that it was inadequate. If the lower court predicated its injunction on the theory that the Board abused its discretion because a hazardous condition existed and the Board failed to provide bus service, then there would

also have to be, as a necessary prerequisite to sustain the injunction, a finding that there was no adequate public transportation available. This Court, within our scope of review, is precluded from making such a finding, and thus cannot conclude as a matter of law that the injunction, even if based on such a premise, was properly granted.

Accordingly, the decree of the court below granting an injunction is vacated and the case is remanded to the Court of Common Pleas of Lackawanna County for further proceedings consistent herewith.