Joanne Smith, Sandra Woods and Joseph Smiley, Appellants, *v.* Board of School Directors of The Harmony Area School District, Appellee.

176

Argued November 8, 1974, before Judges WILKIN-
SON, JR., ROGERS and BLATT, sitting as a panel of three.

*William A. Hebe,* for appellants.

*Paul Silberblatt,* with him *Bell, Silberblatt &
Swoope,* for appellee.

OPINION BY JUDGE WILKINSON, December 3, 1974:

Appellants,[1] teachers in the appellee school district,
were notified on or about August 24, 1972, that due to
a substantial decrease in student enrollment, they were
being suspended pursuant to Section 1124 of the Public
School Code of 1949, Act of March 10, 1949, P. L. 30,
*as amended,* 24 P.S. §11-1124 (Supp. 1974-1975) (Code).

---

[1] The action on behalf of Joanne Smith was discontinued prior
to argument and, therefore, this appeal concerns only the remaining
two appellants.

Appellants then filed a complaint in mandamus in the Court of Common Pleas of Clearfield County seeking reinstatement. A hearing was held on December 21, 1972, and on October 19, 1973, the court filed an opinion dismissing appellants' complaint. This appeal followed.

Initially we note that the procedure followed by appellants was not the proper procedure to contest their suspension. Prior to the enactment of the Local Agency Law, Act of December 2, 1968, P. L. 1133, 53 P.S. §11301, implementing Section 9 of Article V of the Pennsylvania Constitution of 1968, a mandamus action may have been proper because appellants here would have had no right of appeal. School boards are outside the scope of the Administrative Agency Law, Act of June 4, 1945, P. L. 1388, *as amended*, 71 P.S. §1710.1 and, therefore, appellants would have had no appeal rights under that Act. *Smethport Area School District v. Bowers*, 219 Pa. Superior Ct. 269, 280 A. 2d 632 (1971). Sections 1127 through 1132 of the Public School Code of 1949, 24 P.S. §§11-1127 through 11-1132, do not apply to suspensions under Section 1124 but rather to dismissals, and further, only apply to professional employees. Since it would appear from the testimony at the hearing below that appellants are temporary professional employees rather than professional employees, and since appellants were suspended from their positions and not dismissed, they would not have had, and do not have, any appeal rights under that Act. The Local Agency Law was enacted to remedy such situations. Appellants should have proceeded in accordance with the appeal procedures set forth in the Local Agency Law rather than instituting this action in mandamus. *See Smethport Area School District v. Bowers, supra,* and *LaPorta v. Bucks County Public Schools Intermediate Unit No. 22,* 15 Pa. Commonwealth Ct. 566, 327 A. 2d 655 (1974). This alone would

be sufficient for us to dismiss the appeal; but because of the nature of this case and because of the confusion that has existed in this area of the law as to the correct procedure, we will decide this appeal in its present posture.

Appellants first claim that a decrease in enrollment from 724 students to 610 students over a 10-year period is not a "substantial" decrease. We disagree. While a decrease of 114 students might not be "substantial" as a percentage of the total pupil population in some school districts, it is certainly substantial enough to justify the suspension of two or three teachers who are no longer necessary due to that decrease. Appellants then claim that because the school district hired two additional teachers immediately subsequent to appellants' suspension, the suspension was improper. This argument overlooks the fact that the two additional teachers were hired to teach physical education and were not certified to teach in appellants' area of education, nor were the appellants certified to teach physical education. The law does not require a school district to retain unneeded teachers in one area of education at the expense of not hiring needed teachers in another area. *See Jones v. Holes,* 334 Pa. 538, 6 A. 2d 102 (1939). No teachers possessing the same teaching certificates as appellants have been hired.

Appellants' contention that the hiring of the two additional teachers violates Section 1125(b) of the Code, in that employees with less seniority than appellants are now being employed, must fail for similar reasons. When appellants were suspended, they had less seniority than any other employee—neither appellant had been employed for more than one and a half school years. The only present faculty members with less service are the two physical education teachers hired *after* appellants were suspended and appellants are not cer-

tified to teach in the subjects they are teaching. No one was hired to replace appellants; their teaching duties were assumed by other, more senior, members of the faculty.

Appellants rely on *Welsko v. Foster Township School District*, 383 Pa. 390, 393, 119 A. 2d 43, 44 (1956), which held that school boards must do more than simply not retain anyone "with less continuous years teaching the subject which the suspended teacher was qualified to teach." The board must first try to realign the teaching staff "so that the remaining teachers after the reduction has been effected, can teach the subjects of those who, because of lesser seniority rights, have been suspended." Applying that rule to this case, the board would be required to try to realign the staff so that the hiring of the two physical education teachers would have been avoided, i.e., have other faculty members teach physical education and let appellants fill the vacancies created by that change. Appellants have not shown[2] that the board did not make such an attempt or that such a realignment could have been accomplished practically had an attempt been made.

The record shows that the school district had not rated each teacher periodically and kept the rating reports on file as required by Sections 1123 and 1125 of the Code. Section 1125(b), 24 P.S. §11-1125(b) provides, in pertinent part: "In cases in which suspensions are to be made, professional employes shall be retained on the basis of seniority rights, acquired within the school district of current employment, where no differ-

[2] There was some effort made to show that the principal, who was teaching five periods of mathematics a week, was certified to teach physical education. One of the appellants was certified to teach mathematics. However, there was no showing what effect this would have on the balance of the programs. This is a far cry from the proof offered in *Welsko, supra.*

ences in rating are found. Seniority rights shall also prevail where there is no substantial difference in rating. In cases where there are substantial differences in rating of those under consideration for suspension, seniority shall be given consideration in accordance with principles and standards of weighting incorporated in the rating cards. . . ."

Appellant claims that the failure to follow the formal procedure of rating each teacher on the rating cards and keeping these cards on file makes appellants' suspension unlawful. Appellee's superintendent of schools testified that it was the school district's practice to keep rating cards only when there has been an unsatisfactory rating, and that none of the teachers had ever been rated unsatisfactory. Appellee argues, therefore, that since there were no differences in rating, the suspensions were based entirely on seniority as required in such situations by Section 1125(b). While we expressly do not approve of the school district's failure to make and keep these ratings as required by law, we do not find that such failure invalidates the suspensions in this case. Had the appellants not been the least senior faculty members under consideration for suspension, then the ratings may have been necessary to justify the suspension. It cannot be argued, in this context, that appellants were not the least senior due to the hiring of the two new teachers, because at any time when the keeping of rating cards may have helped appellants, the two new teachers were not on the faculty and, therefore, not available for rating.

The exercise of a school board's discretion will not be interfered with unless the action is arbitrary, based on a misconception of the law or ignorance through a lack of inquiry into the facts. *Board of Directors of the School District of Scranton v. Roberts,* 13 Pa. Commonwealth Ct. 464, 320 A. 2d 141 (1974). We find that the

school board acted in accord with the law, with knowledge of the facts and did properly exercise its discretion.

The decision of the court below is affirmed.