## Appeal of Ingeborg Thwing *v.* Otto-Eldred School District, Appellant.

Argued October 27, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Anthony H. Chambers,* with him *Chambers & Crisman,* for appellant.

*John H. Yoder,* with him *Apple and Yoder,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., January 19, 1976:
Otto Eldred School District (Appellant) filed this appeal from an order of the Court of Common Pleas of McKean County which denied Appellee's petition to dismiss Ingeborg Thwing's (Appellee) appeal from an action of the Board of Directors of Appellant, and which ordered them to give her a hearing and written adjudica-

tion in accordance with the provisions of the Local Agency Law.[1] We affirm.

Appellant, who owns no school buses, has provided the required transportation for its students by contracting, using a standard contract form provided and approved by the Department of Education, with Herman Marrone and Drexel Moses, an independent contractor, for such service. Among the provisions of the contract is the requirements that the contractor submit a list of proposed drivers annually for approval by the Appellant's Board. Such a list was submitted for the 1974-75 school year and included the name of Appellee, Ingeborg Thwing. This entire list was approved at a meeting of the Board prior to the opening of the school year. However, during the month of October both at the regular and a special meeting of the School Board, questions were raised as to the competency of Appellee to remain as an approved school bus driver.

During the latter meeting, the only one of which Appellee had notice and attended, after hearing evidence, argument and discussion of her qualifications, the Board withdrew her name from the approved school bus driver list. Because of this, she was dismissed from her employment without prejudice. She then filed an appeal in the court of common pleas challenging the action taken by Board. Appellant resisted by filing a motion to dismiss alleging that she is not a "party" and therefore is not entitled to relief under the Local Agency Law. Appellant appeals the denial of the motion by the court below together with the order remanding the case to it for a hearing.

The resolution of this appeal centers on the sole question of whether the definition of "party" in Section 2 of

---

1. Act of Dec. 2, 1968, P.L. 1133, *as amended*, 53 P.S. §11301 et seq.

the Local Agency Law[2] encompasses Appellee, an employee of an independent contractor who agreed to permit the Appellant to set the hiring standard for its employees.

This is a case of first impression. Appellant urges this Court to conclude that Appellee does not meet the legislative definition of party under the Local Agency Law. It contends that her employment by an independent contractor does not constitute as to Appellant any personal or property rights, privileges, immunities or obligations, nor are there any indicia of employer- employee relationship. However, Appellant did maintain control over the independent contractor and its employees by expressly reserving the right to approve or disapprove school bus drivers hired by the contractor and did, in fact, approve Ingeborg Thwing. By sending her notice to attend the special meeting, at which approval was withdrawn, the meeting did have a real and significant effect upon her, thus imposing upon her "a direct interest in the subject matter of such proceeding." Although she is not an employee of Appellant, we hold she is nonetheless a party within the meaning of the Local Agency Law.

We believe that our holding here will not engender opportunities for dissatisfied persons to challenge actions of local agencies indiscriminately. The unique characteristics of this case limit our result.

Affirmed.

------

DISSENTING OPINION BY JUDGE MENCER:

I respectfully dissent. It is my conclusion that the Local Agency Law, Act of December 2, 1968, P. L. 1133, 53 P.S. §11301 et seq., has no application to Ingeborg Thwing (appellee) under the facts of this case.

------

2. Section 2 of the Local Agency Law states: " 'Party' means any person who appears in a proceeding before a local agency who has a direct interest in the subject matter of such proceeding."

I do not perceive how appellee is a party to any proceeding. She is simply, and no more than, the employee of persons who have contractual relationship with the Otto-Eldred School District (appellant).

The term "proceeding" contemplates an administrative process which presents an issue for hearing. It is a comprehensive term meaning the action of proceeding by a particular step or series of steps adopted for accomplishing an end result. It requires an inception of some action which then moves through steps and stages to a concluding disposition. The action of the appellant in unilaterally withdrawing approval of appellee as a school bus driver did not measure up to a proceeding. This action was merely a judgmental decision on the part of the appellant.

Unless we equate a "decision" with "proceeding," appellee was not a party to a proceeding in which an adjudication was made, and she has no right under the provisions of the Local Agency Law to appeal from the appellant's judgmental decision to withdraw approval of appellee as a school bus driver.

Although the majority believes that the decision made today "will not engender opportunities for dissatisfied persons to challenge actions of local agencies indiscriminately," I must confess that I believe exactly the contrary. If appellee is a party under the facts here, then I suggest that any taxpayer attending a pubic school board meeting and therein expressing views contrary to the eventual action taken by the school board could contend with justification that he or she would have the right to a hearing, adjudication, and judicial review under the provisions of the Local Agency Law.

---

DISSENTING OPINION BY JUDGE BLATT:

I must also respectfully dissent. I agree with the dissenting opinion of Judge MENCER, but would add I do not

believe that Ms. Ingeborg Thwing is a party to the proceeding of the Otto-Eldred School District as the term "party" is understood under the Local Agency Law, Act of December 2, 1968, P. L. 1133, *as amended,* 53 P. S. §11301 et seq. The Local Agency Law requires that such a party must have "a direct interest in the subject matter of such proceeding." Here Ms. Thwing's direct interest in her employment was related to the terms of her agreement with her employer, who was not the school district but an independent contractor who agreed to supply school bus transportation to the school district. Her employment was terminated by that independent contractor and even though his action may have been attributable to the school district's objection, there is no evidence in the record that the independent contractor might not have had other work to which she could have been assigned.