# Olson v. Warren County School District

*H. Robert Hampson*, for plaintiff.
*Joseph A. Massa, Jr.*, for defendant.

WOLFE, *P.J.*, August 23, 1978—Plaintiff brings this, his action in mandamus, to compel the Warren County School District (District) to grant him a termination hearing in connection with his dismissal as a teacher for the District which the latter opposes.

The facts are not in dispute. Plaintiff was employed as a music teacher by the District commenc-

ing December 4, 1967, and his dismissal was August 15, 1973. Plaintiff never attended college or obtained any formal teaching credits and does not hold a certificate to teach. Plaintiff admitted he was hired to teach music due to a temporary emergency in mid-term when the Music Department needed a teacher and his services could be terminated at any time if another teacher were found. This relationship continued for the six-year period when he was terminated for the reason he lacked certification. It was emphasized his dismissal was not based upon any incompetency but rather as stated by the superintendent of schools in the termination letter of July 6, 1973, that "due to the requirements of the Department of Education, it is mandatory that the school district employ certified persons in all teaching positions (Section 1201 of the School Code)."

Plaintiff argues, notwithstanding his lack of certification and his employment at will, nonetheless he acquired de facto professional employe teacher status if not de jure, and points to his school record to support this allegation, which record carries him under the label as a part-time teacher for the school year 1972-1973 with a salary of $6,588. Plaintiff further argues he was advised by the superintendent of schools for the District that his employment would continue each year "as before." At one point in time plaintiff did attempt to acquire permanent status as a professional employe but never received that position.

The District argues the termination was not only proper but mandatory under the Public School Code of March 10, 1949, P.L. 30, as amended, 24 P.S. §1-101 et seq., due to plaintiff's lack of formal certification by the Department of Education and that

therefore he is not entitled to a hearing under the School Code, or under the Local Agency Law of December 2, 1968, P.L. 1133, 53 P.S. §11301 [repealed, see now 2 Pa.C.S.A. §105], and also argues that plaintiff is barred from pursuing any legal remedy due to laches. We agree. "'Mandamus is an extraordinary writ which lies to compel the performance of a ministerial act or mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other appropriate and adequate remedy.'" Nicolella v. Trinity Area School District School Board, 444 Pa. 544, 281 A. 2d 832 (1971).

Plaintiff acknowledges he was hired to teach music upon a temporary emergency basis to be terminated at any time if another teacher were found. He also acknowledges he does not hold a certificate and therefore does not meet the mandates of the School Code to teach whether on a temporary or permanent basis. At best, plaintiff was an employe at will. There is no requirement in the School Code or under the Local Agency Act compelling the District to grant plaintiff a hearing under these facts.

Nor can we agree with plaintiff's argument the District is estopped from denying his request for a hearing. We note plaintiff is not attempting to be reinstated as a teacher but to be afforded a hearing due to his 1973 dismissal. Although it is admitted plaintiff's teaching arrangements were made by the superintendent of the District, the superintendent has no authority nor could plaintiff rely upon the superintendent's position to waive the statutory requirements of certification. This authority is with the Department of Public Instruction: Public School Code of March 10, 1949, P.L. 30, sec. 1109,

as amended, 24 P.S. §11-1109. The superintendent was acting properly when plaintiff was hired and we find no evidence plaintiff was in any way misled. An emergency certificate may be issued if the district superintendent certifies to the Secretary of Education that a properly certificated teacher is not available. Although a baccalaureate degree is necessary the secretary may, nonetheless, issue an emergency permit to a person who does not otherwise qualify. The State Board of Education is authorized to provide for issuance of certificates by district superintendents to meet emergencies or shortage of teachers as may occur: Public School Code of October 21, 1965, P.L. 601, sec. 28; January 14, 1970, P.L. (1969) 468, sec. 42, 24 P.S. §12-1201.

Plaintiff is not a tenured professional employe nor a non-tenured temporary employe nor was he hired as such nor did he ever acquire that status. Only those who have obtained the status as a teacher by certification from the Department of Education have a right to a hearing upon dismissal. Nor was there any adjudication under the Local Agency Law as, again, plaintiff was not a certified teacher. It is settled in this Commonwealth a professional employe under the Public School Code has a right to a hearing before the board prior to his suspension as in cases of dismissal notwithstanding no charges are filed against the employe: Smith v. Board of School Directors of the Harmony Area School District, 16 Pa. Commonwealth Ct. 175, 328 A. 2d 883 (1974); and the Local Agency Law was designed to afford a professional employe the right of appeal where, theretofore, no right existed under the Administrative Agency Law of June 4, 1945, P.L. 1388, as amended, 71 P.S. §1710.1, for the

reasons school boards were not within the scope of the Administrative Agency Law and therefore such employes would have no appeal rights under that act: Smethport Area School District v. Bowers, 219 Pa. Superior Ct. 269, 280 A. 2d 632 (1971).

As stated, plaintiff was dismissed solely for the reason of his lack of certification. We do not accept the argument of estoppel as there was no evidence plaintiff was in any way misled as to his status when he was initially hired. We also reject his argument that he has acquired de facto certification which, in turn, would require a hearing upon his dismissal. Plaintiff's lack of any college credits would prohibit his elevation to a de facto teacher whether on a temporary basis or tenured status as a professional employe. A de facto status requires at least an ostensible appearance of qualification to fill the office in a de jure manner.

For these reasons we conclude plaintiff is not entitled to a hearing under the Public School Code. Our next determination is if plaintiff is entitled to a hearing under the Local Agency Law of December 2, 1968, P.L. 1133, 53 P.S. §11301. Section 2, subsection (1) of the act defines "adjudication" as:

"'Adjudication' means any final order, decree, decision, determination or ruling by a local agency affecting personal or property rights, privileges, immunities or obligations of any or all of the parties to the proceeding in which the adjudication is made, but shall not mean any final order, decree, decision, determination or ruling based upon a proceeding before a court, or which involves the seizure or forfeiture of property, or which involves paroles or pardons."

We believe the issue before us is if the dismissal of

plaintiff was by a local agency. Clearly a school board has been held to constitute a "local agency": Kudasik v. Port Allegheny School District, 23 Pa. Commonwealth Ct. 208, 350 A. 2d 887 (1976). The instant case appears to be one of the first impression in that it was not the District that terminated the services of plaintiff but rather the superintendent who hired him. We have no difficulty in determining plaintiff would be a "party," under the Local Agency Law after our reading of Thwing v. Otto-Eldred School District, 23 Pa. Commonwealth Ct. 32, 350 A. 2d 892 (1976). However, we cannot fairly conclude the District made any "adjudication" whatsoever or that there has been any violation of plaintiff's personal or property rights, privileges and immunities by the action of the superintendent when plaintiff was hired at will. We note the superintendent's letter to plaintiff of July 6, 1973, is written upon stationery entitled "Warren County School District, Office of the Superintendent of Schools, East Street and Third Avenue, Warren, Pennsylvania"; nonetheless the contents makes it clear the decision was not made by the school board but rather by the superintendent. There is nothing in the record before us to conclude the school district in any way made an adjudication.

For these reasons we conclude plaintiff is not entitled to a hearing under the Local Agency Law.

Finally, we agree with the District that laches has settled upon the plaintiff's case. The plea of "laches" is an equitable doctrine, notwithstanding this action is on the law side of the court as equity follows the law. Laches is a neglect on the part of one to act for an unreasonable and unexplained

period of time under circumstances requiring diligence to do what in law should have been done. However, the doctrine is not solely dependent on the passing of time per se: Pennsylvania State Board of Medical Ed. v. Schireson, 360 Pa. 129, 61 A. 2d 343 (1948). Laches will not be imputed where no injury has resulted to the other party by reason of the delay and in the absence of prejudice in the one asserting laches the doctrine will not be applied: Brodt v. Brown, 404 Pa. 391, 172 A. 2d 152 (1961). To the same effect is Gabster v. Mesaros, 422 Pa. 116, 119, 220 A. 2d 639 (1966), holding: "Ordinarily, the passage of time in itself is insufficient to warrant the application of the doctrine, and it must further appear that injury or material prejudice has resulted to the defendant through the delay. [Citations omitted.] However, where the delay in asserting the claim involves a grossly unreasonable time, the necessity for specifics regarding prejudice or injury becomes less crucial." The question of laches is factual and must be determined by an examination of the circumstances: Wilson v. King of Prussia Enterprises, Inc., 422 Pa. 128, 221 A. 2d 123 (1966).

In the instant case five years have expired since plaintiff's termination and he has done nothing until his letter to the District of June 30, 1978, outlining his complaint and requesting "a post-termination hearing on my release from contract as a professional employee of the Warren County School District."

As the District has noted the superintendent who hired and terminated plaintiff has since left the District and we can only speculate on his availability or what prejudice may ensue to the District if

any. Considering the circumstances in which plaintiff finds himself, we seriously would question his due diligence in seeking relief after five years, keeping in mind his request to be afforded a hearing on his termination. As the District has pointed out, arguendo if plaintiff is entitled to a hearing what right would be protected? The District observes the board would be unable to reinstate or rehire Mr. Olson and he does not claim any back salary or award.

We therefore conclude plaintiff is subject to the defense of laches and that the extraordinary and narrowly construed application of the writ of mandamus must be denied and we enter the following

## ORDER

And now, August 23, 1978, the petition for writ of mandamus for a hearing is denied.