Robert L. Fatscher, Appellant *v.* Board of School Directors of the Springfield School District, Springfield, Delaware County, Pennsylvania, Appellee

Argued April 10, 1980, before President Judge CRUMLISH and Judges BLATT and WILLIAMS, JR., sitting as a panel of three.

*C. Norwood Wherry,* for appellant.

*D. Barry Gibbons, Gibbons, Buckley and Smith,* for appellee.

OPINION BY JUDGE WILLIAMS, JR., July 24, 1980:

This is an appeal by Robert L. Fatscher, a tenured professional employee of the Springfield School District (District) from a decision and order of the Court of Common Pleas of Delaware County. The court below held that the appellant's suspension from his position as a high school health and physical education teacher by the Springfield Board of School Directors (Board) was lawful.

The relevant facts are as follows: In December of 1974, because of a significant decline in student enrollment in the Springfield School District, it became apparent to school officials that a reduction of certain teaching positions would be necessary.

Among those positions scheduled to be eliminated was one in the health and physical education department. It was decided by school officials that in order to maintain an equal number of male and female teachers in that department, the teacher to be suspended had to be a male high school teacher. Although the physical education classes in the District were co-educational, conducted by both male and female teachers, there existed the need for a balance of male and female teachers for purposes of separate locker room supervision.[1]

---

[1] During the time that appellant was a teacher in the department, the physical education instruction was divided between four male and four female teachers. However, the head of that department was one of the female teachers who, accordingly, had a

Based on evaluation reports of the physical education teachers for previous years and at least one classroom observation, it was concluded that all teachers in that department, both male and female, were highly rated, there being no significant differences among them in their performance evaluations. Accordingly, the elimination of the one teacher from the physical education department would have to be based on seniority rights pursuant to Section 1125(b) of the Public School Code of 1949 (Code).[2]

Appellant, with two years of tenure in the department, was the teacher with the least seniority. He was therefore identified as the teacher most likely to be suspended. Prior negotiations between the Board and the teachers' union had resulted in an agreement to provide early notification to those staff members who might possibly be suspended. Accordingly, the Board notified appellant in February of 1975 of the likelihood of suspension at the end of that school year. In June 1975 he was in fact suspended.

When the appellant received advance notice in February 1975 of his likely suspension, he requested the Board to grant him a hearing on the matter. The Board refused. It took an order from this Court for him to obtain a hearing;[3] and hearings were held in May and June of 1977. In October 1977 the Board affirmed its suspension of the appellant. When the lower court, on May 31, 1979, affirmed the Board's decision, the instant appeal followed.

---

reduced teaching load. Evidence presented at the hearing demonstrated that the male and female balance of staff members has been maintained since appellant's suspension.

[2] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §11-1125(b)

[3] *Fatscher v. Springfield School District*, 28 Pa. Commonwealth Ct. 170, 367 A.2d 1130 (1977).

Appellant does not dispute the fact that the declining school enrollment justified the elimination of one of the health and physical education positions. He concedes that declining school enrollment is one of the statutory grounds for staff reduction as set forth in Section 1124 of the Code, 24 P.S. §11-1124.

The appellant's present contentions are directed to the procedures utilized to ultimately identify him as the person to be suspended from the health and physical education department.

Appellant first asserts that it was unlawful for the District to restrict the candidates for suspension to only male secondary physical education teachers. In that regard, he relies on *Smith v. Harmony Area School District*, 16 Pa. Commonwealth Ct. 175, 328 A.2d 883 (1974) for the proposition that all teachers in any subject-area of education must be considered for suspension. Appellant's reliance on that case is misplaced. *Smith* focused on areas of education only in response to the issue of whether, under circumstances of declining enrollment, a school district was required to retain teachers *unneeded* in a particular area of education at the expense of not hiring teachers *needed* in another area. Since this Court in *Smith* held that a school district had no such obligation, that case can be read as contravening appellant's contention, if applicable at all. In the instant matter, the decision to suspend a male teacher from the secondary physical education department was rationally based on the valid and practical purpose of maintaining a needed balance in that department between male and female teachers. Such a decision was squarely within the discretionary power of the school authorities. A reviewing court will not interfere when a school board has exercised its discretion in accordance with circumstances and the law. *Smith, supra.*

Appellant further contends that the use of seniority as the sole criterion for suspension was unlawful because no performance evaluations had been made for the 1974-75 school year. From that premise he additionally asserts there was no support for the conclusion that there were no significant differences in the ratings for the physical education teachers.

Section 1125 of the Code provides in pertinent part:

(a) Whenever a board of school directors decreases the size of the staff of professional employes, the suspensions to be made shall be determined by the district superintendent on the basis of efficiency rank determined by ratings made in accordance with standards and regulations, determined by rating cards prepared by the Department of Public Instruction, as required by section one thousand one hundred twenty-three of this act. It shall be the duty of boards of school directors to cause to be established a permanent record system, containing ratings for each professional employe employed within the district. Copies of all ratings for the year shall be transmitted to the professional employe upon his or her request, or, if any rating during the year is unsatisfactory, a copy of same shall be transmitted to the professional employe concerned. No professional employe shall be dismissed under this act unless such rating records have been kept on file by the board of school directors.

(b) In cases in which suspensions are to be made, professional employes shall be retained on the basis of seniority rights, acquired within the school district of current employment, where no differences in rating are found. Seniority rights shall also prevail where there is

no substantial difference in rating. In cases where there are substantial differences in rating of those under consideration for suspension, seniority shall be given consideration in accordance with principles and standards of weighting incorporated in the rating cards....

There is no contention by appellant that rating records or their equivalent were not kept on file by the board. In fact, it was the ratings already on file which were important to the conclusion that all of the members of the department were highly rated and that there were no significant differences in the ratings among them. Nowhere in the Code do we find a requirement that the ratings must be based on performance evaluations for the current school year. We have stated that where the teacher suspended is the least senior, even a failure to make and keep ratings would not invalidate the suspension. *Smith, supra.*

We believe that in circumstances where declining enrollment makes suspensions probable or even strongly possible, an early warning to the candidates for suspension is in a spirit of fairness. Ironically, it was the act of the school authorities, in giving the appellant advance warning of his possible suspension, that forms the basis of his final contention: that the prior warning in February 1975 prevented him from being rated and ranked fairly. That argument must fail in light of the agreement between school officials and the faculty union providing for such early notice, an agreement apparently reached out of concern for those teachers facing the prospect of suspension.

The evidence shows that another teacher evaluation was made at the end of the 1974-75 school year, and that produced no significant differences in the ratings of the physical education teachers. The court below properly concluded that it was of no relevance in this case if the evaluations had been made in previous

years, in February 1975, or at the end of the 1974-75 school year. Nor was it significant that the evaluations were not used to assign a numerical rank to each teacher; because, there were no significant differences among them.

In the case at bar, there are no shown facts which should have altered the conclusion that seniority had to be the sole criterion for selecting the person to be suspended from the health and physical education department. The suspension of the instant appellant was validly based on the undisputed fact that he was the least senior member of the department. Accordingly, we affirm the order of the court below.

ORDER

AND Now, the 24th day of July, 1980, the order of the Court of Common Pleas of Delaware County in the above matter, dated May 31, 1979 at No. 77-16309, is affirmed.