## Ringhoffer v. Bethlehem Area Vocational Technical School

*Leonard M. Cohn,* for plaintiff.
*Frank J. Danyi, Jr.,* for defendant.

VAN ANTWERPEN, *J.,* June 21, 1985—This matter is before us on an appeal by appellant of a decision of the Bethlehem Area Vocational Technical School, Board of Directors (hereinafter board), to suspend him as an instructor as a result of declining student enrollment.

Appellant was officially notified of the board's decision to suspend him on April 3, 1984. Appellant requested and received a hearing before the board on August 14, 1984. On November 13, 1984, the board unanimously adopted a resolution affirming appellant's suspension. Thereafter, on March 1, 1985, this court granted appellant's request to take additional testimony, but such testimony was limited by agreement of counsel to the issue of whether appellant was prevented from recruiting students to take part in his class. Additional depositions were taken and finally, on May 7, 1985, the board refused to reverse appellant's suspension.

The question presented by appellant on appeal is whether the action of the board was arbitrary and capricious in that the decrease of pupil enrollment within the school district was not substantial.

The Public School Code, 24 P.S. §1-101, et seq., at section 11-1124, provides in part:

"Any board of school directors may suspend the necessary number of professional employees, for any of the causes hereinafter enumerated:

(1). Substantial decrease in pupil enrollment in the school district, ... ."

Appellant contends the decision of the board to suspend him was arbitrary in that the decrease in

pupil enrollment in the school district was not substantial.

We note initially that whether a decrease is "substantial" within the meaning of section 1124 to justify a suspension has not been defined. "This is an area in which school boards must exercise discretion and board action will not be disturbed absent a showing that the action was arbitrary, based on a misconception of law or ignorance of facts." Phillippi, et al. v. School District of Springfield Township, 28 Pa. Commw. 185, 367 A.2d 1133 (1977).

In the present case, the evidence suggests that the enrollment of the machine shop class for which appellant was an instructor decreased from 79 students in the 1979-1980 school year to a projected number of 44 students for the 1984-1985 school year. (See Exhibit II). This is a decrease of some 44 percent. Appellant suggests that the number of students for the 1984-1985 school year should be 52. Assuming appellant's calculation to be correct, the decrease is approximately 34 percent over a six-year period.

Moreover, Exhibit II indicates that the entire enrollment for the Bethlehem Area Vocational Technical School decreased from 487 students in the 1979-1980 school year to 222 students in the 1984-1985 school year, a plunge of more than 50 percent. Clearly, these types of figures would constitute a substantial decrease in pupil enrollment. See Smith v. Harmony Area School District, 16 Pa. Commw. 175, 328 A.2d 883 (1974), where the court held a 16 percent decrease over a 10-year period to be substantial, and Platko v. Laurel Highlands School District, 49 Commw. 210, 410 A.2d 960 (1977), where the court held a 13 percent decrease in student enrollment over a seven-year period to be substantial.

Furthermore, the record is devoid of any evidence that suggests the board was attempting to "get rid" of appellant by utilizing the section 11-1124 procedure. On the contrary, the decreased enrollment figures are clearly supported by the aforementioned case authority.

Finally, appellant does not contend that the procedure utilized by the board in suspending him over the second machine-shop teacher was improper.

Accordingly, we find the board's action in suspending appellant based on a substantial decrease in student enrollment to be a proper exercise of its discretion.

Wherefore, we enter the following

### ORDER OF COURT

And now, this June 21, 1985, appellant's appeal from suspension is hereby denied and dismissed.