562 A.2d 1027

**McCrae BOYKINS and Julie Herman, Appellants,**

**v.**

**The CITY OF READING, Warren H. Haggerty, Jr. and Rodney Steffy, Appellees.**

Commonwealth Court of Pennsylvania.

Argued April 5, 1989.

Decided Aug. 17, 1989.

William R. Bernhart, Reading, for appellants.

Peter F. Cianci, First Asst. City Sol., Jack A. Linton, City Sol., Reading, for appellees.

Before CRUMLISH, Jr., President Judge, and CRAIG, DOYLE, COLINS, PALLADINO and McGINLEY, JJ., and SMITH, Judge.

COLINS, Judge.

McCrae Boykins and Julie Herman (appellants) appeal an order of the Court of Common Pleas of Berks County (trial court) denying appellants' request for preliminary injunction to enjoin the City of Reading, Warren H. Haggerty (Mayor), and Rodney Steffy (Chief of Police) from enforcing Bill No. 17–88. Bill No. 17–88 prohibits "the consumption or storage of alcoholic beverages on business premises not licensed by the Pennsylvania Liquor Control Board between the hours of 2:00 a.m. and 8:00 a.m. and the presence of any person or persons on said premises between the hours of 2:00 a.m. and 8:00 a.m."

Appellants are owners/operators of a "bottle club"[1] in Reading. On March 5, 1988 and March 12, 1988, they were cited for violating Bill No. 17–88. In view of these two (2) citations and the fact that it is not economically feasible for appellants to operate the "bottle club" at any other time due to competition from clubs with liquor licenses, this ordinance effectively precludes appellants from operating their business.

On March 23, 1988, appellants filed a petition for a preliminary injunction and permanent injunction against the enforcement of the ordinance. A hearing on the petition was held on April 5, 1988, and testimony was taken. On April 6, 1988, an order was entered denying the request for a preliminary injunction. This appeal followed.

1. Appellant defined "bottle club" as "a place for people to gather together, bring their own drinks in, leave them there if they would like to" and where "we sell set-ups, soda, juices, potato chips, candy." Appellants' "bottle club" had been operating for four (4) years and operated during the hours of 2:00 a.m. to 6:00 a.m. or 8:00 a.m.

■■■ The only issue properly before us is whether the trial court's refusal to grant the preliminary injunction was erroneous. This Court's scope of review of a ruling upon a request for a preliminary injunction is limited to a determination of whether there were reasonable grounds for such order, *York v. Montrose Area School District*, 9 Pa.Commonwealth Ct. 379, 307 A.2d 478 (1973), or whether the rule of law relied upon was palpably erroneous or misapplied. *Unionville–Chadds Ford School District v. Rotteveel*, 87 Pa.Commonwealth Ct. 334, 487 A.2d 109 (1985). The granting of a preliminary injunction requires that: (1) an immediate and irreparable harm not compensable by damages will otherwise result; (2) greater injury will be done by refusing it than by granting it; (3) it will return the parties to the status quo; (4) the activity sought to be restrained is actionable; and (5) injunctive relief is appropriate to abate that activity and grant of the injunction will not adversely affect the public interest. *City of Philadelphia v. District Council 33*, 112 Pa.Commonwealth Ct. 90, 535 A.2d 231 (1987).

■■■ The trial court, in addressing the irreparable harm requirement, found that "plaintiffs have not made a showing of irreparable harm which could not be compensated by damages and, therefore, have not met the first rigorous standard for this court to grant a preliminary injunction."[2] The error in this finding is that the trial court overlooked the fact that under Sections 8541 and 8546 of what is commonly referred to as the Political Subdivision Tort Claims Act,[3] the City of Reading, its Mayor and Chief of Police are immune from liability for damages. It is well established that the statutory exceptions to the rule of governmental and official immunity must be narrowly interpreted given the legislative intent to insulate political subdi-

2. The trial court found that if appellants were successful on the substantive merits of the case, they could recover damages for loss of earnings.

3. 42 Pa.C.S. §§ 8541 and 8546.

visions from tort liability. *City of Philadelphia v. Love*, 98 Pa.Commonwealth Ct. 138, 509 A.2d 1388 (1986), *affirmed* 518 Pa. 370, 543 A.2d 531 (1988).

The Pennsylvania Supreme Court recently stated that the "[d]efense of governmental immunity is an absolute defense ... and is not waivable ... nor is it subject to any procedural device that could render a governmental agency liable beyond the exceptions granted by the legislature." *Appeal of Tax Claim Unit of Northampton County*, 522 Pa. 230, 232, 560 A.2d 1388, 1389 (1989), slip op. at 2, 3 (citations omitted). Because the instant matter does not fall within one of the exceptions to sovereign immunity, appellants will be unable to recover damages for loss of profits. The inability to be adequately compensated by an award of damages constitutes irreparable harm. *Cosner v. United Penn Bank*, 358 Pa.Superior Ct. 484, 517 A.2d 1337 (1986).

Because we decide only the procedural issue as stated, we reach neither the remaining prerequisites for a preliminary injunction, nor the substantive merits of this case.[4] We, therefore, vacate the trial court's order and instruct the trial court to conduct evidentiary hearings on these issues to determine whether a preliminary or a permanent injunction would be appropriate.

## ORDER

AND NOW, this 17th day of August, 1989, the order of the Court of Common Pleas of Berks County in the above-captioned matter is vacated and the matter remanded for proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

**4.** The substantive questions raised include: (1) whether the trial judge erred in failing to find that there was a lack of evidence relating to Bill 17–88 to the health, welfare, and morals of the community; (2) whether the trial judge erred in failing to determine that Bill 17–88 was void, invalid, unreasonable, unconstitutional and unduly oppressive; and (3) whether the ordinance is preempted by the Liquor Control Board.