## Kendall v. Metz

C.P. of Butler County, no. AD 00-11156.

*John R. Orie Jr.,* for plaintiffs.
*Mark B. Morrow,* for defendant Metz.
*Gwilym A. Price III,* for defendant McCaw.

O'BRIEN, *S.J.,* July 18, 2001—

This matter is before the court on plaintiffs' motion for a preliminary injunction.

## BACKGROUND

This lawsuit stems from an alleged violation by Larry Metz of the "covenant not to perform services" contained in the partnership agreement entered into between Larry Metz and George Kendall on January 1, 1988. Specifically, George Kendall alleges that on October 18, 2000, Larry Metz withdrew from the accounting partnership known as Kendall Metz & Company and began to service former clients of Kendall Metz & Company under a new partnership known as Metz & McCaw, thereby violating the covenant not to perform services.

Based on this alleged violation, plaintiffs have petitioned this court to issue a preliminary injunction to enjoin defendants from soliciting plaintiffs' clients or performing professional services for plaintiffs' clients and to require the immediate return of all client files and any other material taken from plaintiffs. Defendants take the position that an injunction is inappropriate, as plaintiffs cannot support any of the requisite elements for an injunction.

## LEGAL ANALYSIS

A court may grant a preliminary injunction only where the moving party establishes the following elements: (1) the relief is necessary to prevent immediate and irreparable harm which cannot be compensated by damages; (2) greater injury will occur from refusing the injunction than from granting it; (3) the injunction will restore the parties to the status quo as it existed immediately before the alleged wrongful conduct; (4) the alleged wrong is manifest, and the injunction is reasonably suited to abate it; and (5) the plaintiff's right to relief is clear. *T.W. Phillips Gas & Oil Co. v. Peoples Natural Gas Co.,* 89 Pa. Commw. 377, 492 A.2d 776 (1985).

In their brief, plaintiffs cite *Bryant Co. Inc. v. Sling Testing and Repair,* 471 Pa. 1, 369 A.2d 1164 (1977). The *Bryant* case, similar to the case now before this court, dealt with the issue of granting a preliminary injunction to enjoin a former employee who had allegedly violated a non-compete agreement. In *Bryant,* the Pennsylvania Supreme Court upheld the issuance of the injunction by the lower court. The Supreme Court found that the interest sought to be protected by the issuance of the preliminary injunction was the relationship which had been established on behalf of appellees' companies through efforts of the former employee. *Id.* The court further found that that interest was clearly an interest which was incapable of adequate protection by monetary damages and that the use of equitable relief was needed to avoid the threatened harm. *Id.*

*Bryant* however is distinguishable from the instant case in that the covenant at issue in *Bryant* specifically set

forth the accounts which the former employee was *prohibited* from selling to directly. *Id.* Based on the language of that covenant, the *Bryant* court found that the covenant sought to prevent more than just the sale that might result from the prohibited contact but also found that the covenant was designed to prevent a disturbance in the relationship that had been established between appellees and their accounts through prior dealings. *Id.*

The *Bryant* court further found that "[i]t is the possible consequence of this unwarranted interference with customer relationships that is unascertainable and not capable of being fully compensated by money damages." *Id.,* 471 Pa. at 8. The Supreme Court then reiterated its ruling from *Bettinger v. Carl Berke Associates Inc.* 455 Pa. 100, 314 A.2d 296 (1974), that a covenant *"of this type"* that meets the test of reasonableness is prima facie enforceable in equity. *Id.* The restrictive covenant in *Bettinger,* was also one that by its unambiguous terms specifically *prohibited* conduct and then provided for a remedy if there was a future violation. *Id.*

Based on the holding in *Bryant,* this court finds that it is only those types of covenants which prohibit competitive conduct (and pass the reasonableness test) that are enforceable in equity. A covenant that does not prohibit competitive conduct but rather provides a remedy in the event that competitive conduct transpires is not enforceable in equity through injunctive relief because there is an adequate remedy at law.

The covenant contained in the Kendall/Metz partnership agreement states as follows: *"Any partner who withdraws . . . and who, during the period of 24 months thereafter, solicits or furnishes accounting or related services*

*to 'partnership clients' shall compensate the partnership as hereinafter provided in this paragraph 9.01."* The rest of paragraph 9.01 provides for the various monetary reimbursement which must be paid in the event that the covenant is violated.

It is clear that the covenant here does not prohibit competitive conduct. The covenant merely states that if they do compete then they must reimburse the partnership. Further, the covenant clearly provides the formula for the calculation of damages in the event that the covenant is violated.

The court cannot find that this covenant is *"of the type"* as described in the aforementioned cases. It is not the type of covenant which was included in the partnership agreement in contemplation of a possible need in the future to protect the partnership/client relationship.

Therefore, the court finds that plaintiffs are unable to satisfy the first element required for the issuance of a preliminary injunction insomuch as any claims for damages by the plaintiffs, if proven, would be compensable pursuant to the terms of the partnership agreement.

In addition to plaintiffs' request to enjoin competitive conduct, the plaintiffs request the return of certain files. This request constitutes a request for *mandatory* injunctive relief in that it requires the defendants to collect files and relinquish possession of them to the plaintiffs.

A mandatory preliminary injunction is an injunction which orders the defendant to perform some positive act; such an injunction goes beyond mere restraint and commands acts to be done or undone. *Josten Aluminum Prod-*

*ucts Co. Inc. v. Mount Carmel District Industrial Fund,* 256 Pa. Super. 353, 389 A.2d 1160 (1978).

Mandatory preliminary injunctions should only be issued in exceptional circumstances and where the rights of the parties are entirely clear. *Board of Directors of the School District of the City of Scranton v. Roberts,* 13 Pa. Commw. 464, 320 A.2d 141 (1974). Mandatory preliminary injunctions should be granted even more sparingly than those which are merely prohibitory. *Id.* Further, a mandatory preliminary injunction which commands the performance of some positive act requires a much stronger case. *Id.*

Here, the rights of the parties are not entirely clear. If the court were to decide that the possession of the files should be transferred, the court would in effect be ruling that the files belong to plaintiff, thereby resolving the underlying controversy in the case. Such a ruling would defeat the purpose behind the granting of a preliminary injunction in that it would amount to affirmative relief, designed to permanently remedy the situation, instead of an interim measure ordered to protect the parties until a final hearing.

The sole objective of the preliminary injunction is to preserve the subject of the controversy in the condition in which it is when the order is made. It cannot be used to take property out of the possession of one party and put it into the possession of the other. See generally, *Mahoney Township Authority v. Draper,* 356 Pa 573, 52 A.2d 653 (1947); *Stout v. Williams,* 203 Pa. 161, 52 A. 169 (1902).

Based on the foregoing, plaintiffs' request to have certain files returned is denied.

## ORDER

And now, July 18, 2001, upon consideration of plaintiffs' motion for a preliminary injunction, it is hereby ordered that plaintiffs' motion is denied.