Loretta E. STANA, Plaintiff,

v.

SCHOOL DISTRICT OF the CITY OF PITTSBURGH and Charles N. Allebrand, Defendants.

Civ. A. No. 84–691.

United States District Court, W.D. Pennsylvania.

Dec. 4, 1984.

---

Joseph S. Hornack, Pittsburgh, Pa., for plaintiff.

Robert J. Stefanko, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

COHILL, District Judge.

Before us are cross motions for summary judgment filed by both the Plaintiff and Defendants.

The Plaintiff in this case is a resident of Allegheny County, Pennsylvania. The Defendant School District is a First Class A School District as defined in the Public School Code of 1949, 24 Pa.Stat.Ann. § 1–101 *et seq.* and is situated in Allegheny County, Pennsylvania. Defendant Allebrand is a resident of Allegheny County, Pennsylvania. At all times relevant to this action he has been Assistant Director of Personnel for the School District and has been in charge of the eligibility lists which are discussed in this action.

This case was filed by Plaintiff alleging violations of 42 U.S.C. § 1983. Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate if there is "no genuine issue as to any material fact" and if a party is "entitled to judgment as a matter of law."

The material facts in this case are not in dispute: the Plaintiff, Loretta Stana, was certified in 1972 by the Pennsylvania De-partment of Education to teach chemistry and general science. Full-time teachers are selected from eligibility lists. Placement on the eligibility list is premised on four qualifying factors: the applicant must take the National Teacher Exam, the "core battery" test, must be evaluated by the Credentials Committee, and must be interviewed by a Committee of teachers. Specifically, the Public School Code, 24 Pa. Stat.Ann. § 21–2110 provides that

> ... no person shall be appointed, promoted, or transferred to any educational position in the public school system, in school districts of the first class, whose name does not appear among the three highest names upon the proper eligible list.

Plaintiff applied for a position as a public school teacher and was notified on June 30, 1981 that she would be placed on the chemistry and general science eligibility list beginning August 27, 1981. From August 27, 1981 until October 21, 1982, Plaintiff was one of the three highest names on the eligibility list and was not appointed. During this period, others were appointed, even though their names were not among the top three. On October 21, 1982, Plaintiff was informed by letter that her credentials had been reviewed as of October 13, 1982, and that she was no longer considered qualified. Plaintiff alleges that her failure to be appointed, and the removal of her name from the list, constitute deprivations of property without due process of law in violation of the 14th Amendment.

Two elements must be established to constitute a violation of 42 U.S.C. § 1983. First, the conduct complained of must be committed by a person acting under color of state law; second, the conduct must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981).

We have been directed to no opinion of the Pennsylvania courts which has squarely considered and decided whether presence on an eligibility list is 1) an entitlement

subject to protection, or 2) constitutes a protected access to employment.

Assuming a property interest exists, an issue we do not decide today, a deprivation may occur in one of two ways: 1) as a random, unauthorized act by a state employee, or 2) as the result of some established state procedure. We believe the acts alleged here to be an example of the former: taking the acts as true, Mr. Allebrand may have violated the provisions of the state statute by appointing someone from outside the three top positions on the eligibility list. Since the alleged violation did not result from the state system itself, we must next consider whether the methods of redress available within the state satisfy the requirements of the due process clause. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436, 102 S.Ct. 1148, 1158, 71 L.Ed.2d 265 (1982).

A plaintiff establishes a violation of § 1983 only if the remedies available within the state do not comport with the requirements of due process, since, under the rule of *Parratt v. Taylor, supra,* a deprivation of property does not rise to the level of a constitutional violation so long as the state provides a forum within which redress may be had.

Here, the Plaintiff has alleged an unauthorized failure of state agents to follow prescribed procedures. *See Cohen v. City of Philadelphia,* 736 F.2d 81, 84 (3d Cir.1984). We believe that Plaintiff clearly has redress in the state courts of Pennsylvania. *E.g. McKelvey v. Colonial School Dist.,* 22 Pa.Commwlth. 207, 348 A.2d 445 (1975). Substantive mistakes or deprivations such as those alleged here do not create a federal claim so long as correction is available in the state's courts. *Cohen v. City of Philadelphia,* 736 F.2d 81, 86 (3d Cir.1984).

In *Cohen,* the Court of Appeals for the Third Circuit emphasized, as has the Supreme Court, that its holding does not constitute an exhaustion requirement. *Id.* at 86–87. Rather, the deprivation itself simply does not exist unless there has been a

denial of due process under state procedures. Here, there is no claim that Plaintiff did not have access to the state courts, that Mr. Allebrand was acting according to a state policy in denying Plaintiff a position as a teacher, or that the state eligibility system is itself constitutionally defective or insufficient. We believe the rule of *Parratt v. Taylor* and *Cohen v. City of Philadelphia* bars action in this court, and will, therefore, grant the Defendant's motion for summary judgment without prejudice to Plaintiff, of course, to seek redress in the appropriate Pennsylvania forum.

### ORDER

AND NOW, to-wit, this 4th day of December, 1984, having considered Plaintiff's and Defendants' cross motions for summary judgment, and having heard oral argument, it is hereby ORDERED, ADJUDGED and DECREED that Defendants' Motion for Summary Judgment be and hereby is GRANTED without prejudice, and that Plaintiff's Motion for Summary Judgment be and hereby is DENIED.